**B. B. CHEMICAL CO. v. CATARACT CHEMICAL CO., Inc.**

No. 2218.

District Court, W. D. New York.

Oct. 13, 1941.

160

See, also, 2 Cir., 122 F.2d 526.

John S. Powers, of Buffalo, N. Y. (Fish, Richardson & Neave, Harrison F. Lyman and Charles E. Hammett, Jr., all of Boston, Mass., of counsel), for plaintiff.

Albert R. Henry, of Buffalo, N. Y. (D. Rumsey Wheeler, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

The plaintiff excepts to the taxation of certain costs by the defendant, and also seeks to tax a bill of costs against the defendant. The Circuit Court of Appeals allowed costs to the defendant. Those were allowed to the party seeking review pursuant to Rule 29 of the Rules of the Second Circuit Court of Appeals. That court allowed costs as to a prevailing party.

 Costs in an equity suit have long been within the discretion of the court. Section 4919, R.S. 35 U.S.C.A. § 67, does not make the imposition of costs obligatory. It has no application here except the inference which might be drawn from the subject to which it relates. Under Rule 54(d), 28 U.S.C.A. following section 723c, discretion in the allowance of costs is still left with the court though the implication is that they should be allowed, as they generally have been in equity suits. In actions at law costs are allowed by statute and statutory provisions are excepted in this rule. It seems to me the defendant should be treated as the prevailing party in the District Court under the circumstances shown and also because the Circuit Court has treated the defendant as the prevailing party.

The counterclaim presents no issue which required proofs other than those presented on the other issue, and exercising the discretion which the court has, even though the plaintiff prevailed as to the counterclaim, costs should not be allowed the plaintiff.

The plaintiff excepts to the allowance of an item of $444, charges for the stenographic minutes of the trial. Daily copies of such minutes were provided for the court and counsel. The parties stipulated that "the court reporter's charges for furnishing one copy of the record to the court, and one carbon copy for each side, shall be equally divided between the parties in the first instance and eventually assessed as costs." While nothing is said in the stipulation about daily copies, daily copies were made and kept by both parties without any objection. It seems to me this clearly shows that the stipulation was intended to cover daily copies. Certainly plaintiff acquiesced in having daily copies made and it should not now be heard to repudiate payment. This item is allowed.

Plaintiff excepts to an item of $200 for expenses incurred in preparing certain charts and $150 costs for preparing certain charts and graphs. These items are disallowed. They were not procured at the direction of the court. It is not made to appear that they were an absolutely necessary part of the proofs upon the trial. Such items have seldom been allowed, unless so directed or so necessary.

In numerous cases expenditures somewhat analogous to these have been allowed but different circumstances than here, I believe, have supported their allowance. See Smith v. James, D.C., 21 F.Supp. 636.

The Clerk is directed to tax costs in favor of the defendant in the amount of $1,520.25 and the costs to the plaintiff are denied.