## EICKHOFF v. VULCAN IRON WORKS.

### No. 1164.

District Court, Middle District, Pennsylvania.

June 12, 1942.

---

Bialkowski, Bialkowski & Bialkowski, **of** Scranton, Pa., for plaintiff.

Howson & Howson, of Philadelphia, Pa., and O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is before the Court for disposition of a motion by the plaintiff to review the action of the Clerk in taxing the costs. The plaintiff seeks to have items 5, 6, 7, 8, 9, 10, and 11 of defendant's bill of costs dismissed as not properly taxable.

At the argument, the plaintiff withdrew his objection to items 7, 8, and 9. Item 5 deals with the cost of taking and transcribing the testimony in the case. The general practice in this court is that the losing party shall bear the entire expense thereof. I find nothing in the record that would warrant a finding that the parties intended that this practice be changed for the purpose of this case and the motion as to this item is denied.

Item 6 deals with the cost of obtaining a certified copy of the file wrapper and contents of the patent in suit. I find that this is a proper charge and the objection thereto must be overruled. Cincinnati Traction Bldg. Co. v. Westinghouse Air Brake Co., D.C., 27 F.Supp. 329.

Item 10 sets forth the cost of making drawings offered in evidence in the sum of $515.85. I find that these drawings were necessary in order that the Court might have a proper understanding of the subject matter of the suit and, although their preparation was not ordered or authorized by the Court, the defendant undoubtedly would have been directed to supply drawings similar to those under consideration.

Item 11 consists of a claim for the cost of constructing a model which was offered in evidence. I find no special circumstance which would warrant the allowance of this item as a part of the cost of this case. Therefore, the objection to this item must be sustained. Galion Iron Works & Mfg. Co. v. Beckwith Machinery Co., D.C., 25 F.Supp. 591.

Now, June 12, 1942, it is ordered that the defendant be, and it is hereby, allowed the sum of $728.23 as costs in the above entitled proceeding.