**CRINER et al. v. MICRO–WESTCO, Inc., et al.**

**Civil Action No. 81.**

District Court, S. D. Iowa, Davenport Division.

April 11, 1944.

A. G. Bush, of Davenport, Iowa, for plaintiffs (respondents here).

Merrill M. Blackburn, of Davenport, Iowa, for defendants (movants here).

496

DEWEY, District Judge.

In the above entitled action the defendants have filed a pleading designated as a cost bill and the plaintiffs have filed a pleading excepting and objecting to the taxation as costs the items set out in said cost bill.

The issues thus raised were argued and submitted in open court at Davenport, Iowa, on the 4th day of April, 1944.

While the procedure does not follow the Rules of Civil Procedure as provided in Rule 54(d), 28 U.S.C.A. following section 723c, yet the parties have not raised any objections as to the procedure and the court will consider the cost bill filed as a review of the costs as though taxed by the clerk. There can be no doubt, and I take it the attorneys do not contend otherwise, but that there should be a judgment for costs as to the Clerk's fees, Marshal's fee and Attorney Docket fees. These fees have been regularly taxed by the clerk and will stand as proper taxable fees.

The clerk has taxed a court reporter's fee of $164.63 and the defendants claim that it should be $389.25, made up as follows:

Reporter's fee, 4 days @ $15...... $ 60.
Ribbon copy of transcript......... 164.63
Carbon copy of transcript........ 164.62

Total ..................... $389.25

■ Regarding the reporter's fee of $60, each of the parties has paid or advanced $30.

The defendants contend that the $30 advanced by them should be added to the costs. In the absence of a stipulation, Rule 80(a) of the Federal Rules of Civil Procedure and Rule 13(a) of this court apply and the fees of the reporter will abide the result of the trial.

I am satisfied that the arrangement and order of the court as to the reporter's fee was that each side should advance one-half of one reporter's fee and the total should be taxed as court costs to abide the final judgment of the court. The total reporter's fee of $60 should therefore be taxed as costs.

■ The defendants at the time of the trial for their own convenience hired two additional reporters and had made a daily transcript of the record. Neither the plaintiffs or the court desired copies of the daily ...d and this agreement with the reporters was entirely a matter for the convenience of the defendants.

For some reason the defendants had the reporters file a copy of the transcript with the clerk which it calls the Ribbon Copy, and later when the plaintiffs decided to appeal the plaintiffs paid for an additional copy which they secured from the reporters and used the copy which had been deposited by the defendants with the clerk, as two copies were needed for the appeal. The defendants now ask that the plaintiffs pay for the copy which they deposited with the clerk and which was used by the plaintiffs in the appeal.

I find no rule that would require the taxation of the original cost of the copy so deposited as it was not used in the trial or for the preparation of trial and if the plaintiffs used property belonging to the defendants, recovery would have to be had in some way other than the taxation of costs method. See Pine River Logging & Improvement Co. v. United States, 186 U.S. 279, 297, 22 S.Ct. 920, 46 L.Ed. 1164.

The request of the defendants therefore to add an additional $164.62 for a transcript of the evidence should be denied.

■ The remaining items in the cost bill filed by the defendants have to do with drawings and charts and copies of the file wrappers which the defendants procured and used as evidence and in the pleadings to exemplify and explain their issues in the case.

Defendants claim that these items should be taxed as costs by virtue of the provisions of Section 830, Title 28, U.S.C.A., providing in part as follows:

" * * * lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party * * *."

There can be no doubt but that the exemplifications and copies of the file wrapper and proceedings before the Patent Office were "necessarily obtained" for use on the trial and such costs should be taxed as costs in this case in the sum of $34.70. They were peculiarly necessary to properly determine the issues raised in this case. Eickhoff v. Vulcan Iron Works, D.C., 2 F.R.D. 490; Cincinnati Traction Bldg. Co. v. Westinghouse Air Brake Co., D.C., 27 F.Supp. 329.

■ It is questionable in my mind whether the costs of the drawings and charts

furnished by the defendants come within the wordings of Section 830, supra. I think this section should be narrowly construed and so construed these charts and drawings were not exemplifications and copies of papers. They were original drawings and charts which the defendant prepared for the purpose of aiding the court in correctly understanding the evidence and theories of the case.

I realize that the courts generally have considered the word "exemplifications" broadly and have considered like charts and drawings as being copies of papers within the meaning of the act. But so construing the act, I still do not believe that the costs of any of the charts and drawings in question should be taxed as being necessary for a determination of the case. It is unnecessary to go into the decisions as they are in hopeless confusion and I do not find any rule of the Eighth Circuit which is binding.

not tried many patent cases, but this is the first one in which the parties have asked that the costs of the charts, drawings etc., be taxed as part of the costs in the case.

It should be added that Exhibits 7a, 7b, 7c and 7d were attached to a pleading in response to interrogatories. They were prepared and presented by the defendants in lieu of copies requested from them by the interrogatories and, while helpful, were furnished partly for their own benefit.

I want it understood that the court appreciates the work and expense of the defendants in having prepared and presented these plats, drawings, charts, etc., as they save the court considerable trouble, but, after all, I feel that they were prepared for the benefit of the litigant and not for the benefit of the court alone.

The following fees are therefore properly taxed, credit being given for those paid by the plaintiffs:

| | | |
|---|---|---|
| Clerk, U. S. District Court | $107.25 | ($102.25 pd by ptf. $5 by deft.) |
| U. S. Marshal | 2.30 | (pd by ptf.) |
| Court Reporter | 164.63 | (pd by ptf.) |
| Des Moines Blue Print Co. (photostat copies of exhibits included in transcript on appeal) | 78.13 | (pd by ptf.) |
| Attorney Docket Fee, U. S. District Court | 20.00 | |
| Attorney Docket Fee, U.S. CCA | 20.00 | |
| Reporter's fee | 60.00 | (pd by ptf. $30) |
| Photostats of file wrappers | 34.70 | |
| Amount taxed | $487.01 | |

In these patent cases the parties go to a great deal of trouble and expense to illustrate by plats and drawings the machines and patents in suit and the prior art patents, and there is no doubt but that they are helpful to the court, but it seems to me that they should be considered as evidence which the parties have prepared and presented for their own benefit and that they are explanatory of the evidence of experts and do not come within the provisions of the statute that they be taxed as costs. I have

All other costs requested to be taxed by the defendants are overruled.

The request of the plaintiffs that the costs be divided for equitable reasons is denied. The main issue was infringement.

The Clerk will therefore enter judgment for costs in favor of the defendants against the plaintiffs for the aggregate sum of $109.70.

Plaintiffs and defendants except to each and every ruling herein.