## KENYON v. AUTOMATIC INSTRUMENT CO.

### Civ. No. 509.

United States District Court
W. D. Michigan, S. D.

May 24, 1950.

Oltsch & Knoblock and Eugene C. Knoblock, Hammerschmidt & Johnson and Milton A. Johnson, all of South Bend, Indiana, Bidwell, Schmidt & Martin and Seth R. Bidwell, and Walter K. Schmidt, all of Grand Rapids, Michigan, for plaintiff.

Loftus, Lucas & Hammand and Clarence J. Loftus, William E. Lucas, and Lowell F. Hammand, all of Chicago, Illinois, Uhl, Bryant, Slawson & Wheeler and Marshall M. Uhl, James H. McLaughlin, all of Grand Rapids, Michigan, for defendant.

STARR, District Judge.

The final judgment in favor of the defendant, entered March 24, 1950, provided, among other things, that it was entitled to recover its taxable costs in this court. Pursuant to this judgment defendant filed its

bill of costs, and plaintiff filed objections to certain of the items therein. The clerk of the court, upon proper notice, taxed the costs of the defendant as follows:

1. Statutory attorneys' docket fees.................................... $  20.00

2. Witness fees:
   (a) E. E. Rullman
   | | | |
   |---|---|---|
   | Mileage, 350 mi. | @ 7¢/mi. | 24.50 |
   | Fee, 2 days | @ $4/day | 8.00 |
   | Subsistence, 4 days | @ $5/day | 20.00 |

   (b) L. J. Andres
   | | | |
   |---|---|---|
   | Mileage, 350 mi. | @ 7¢/mi. | 24.50 |
   | Fee, 3 days | @ $4/day | 12.00 |
   | Subsistence, 5 days | @ $5/day | 25.00 |

   (c) L. I. Yeomans
   | | | |
   |---|---|---|
   | Mileage, 350 mi. | @ 7¢/mi. | 24.50 |
   | Fee, 4 days | @ $4/day | 16.00 |
   | Subsistence, 6 days | @ $5/day | 30.00 |

   (d) W. W. Boa
   | | | |
   |---|---|---|
   | Mileage, 1538 mi. | @ 7¢/mi. | 107.66 |
   | Fee, 1 day | @ $4/day | 4.00 |
   | Subsistence, 3 days | @ $5/day | 15.00 |

   (e) Margaret Cavanaugh
   | | | |
   |---|---|---|
   | Fee, 1 day | @ $4/day | 4.00 |

3. The following papers necessarily obtained for use in the case:
   (a) Certified file wrapper of Kenyon et al. patent 1,879,693........... $  20.50
   (b) Enlargements of patent drawings ............................. 100.00
   (c) Colored drawing of Seal patent (prior art) and accused devices; simplified assembly drawing of Kenyon's record transfer mechanism; simplified paper model of Fig. 16 of Kenyon et al. patent showing, among other things, pivoted jaws and means for projecting said jaws outwardly and closing them to gripping position ..................................................... 396.78
   (d) Photostat of Vanderzee application.............................. 49.80
   (e) Copies of patents (2,104,032; 1,752,170; 1,741,040; 1,358,185; 1,-595,241; 1,422,321) ......................................... 1.50

4. Transcript of testimony for use of court............................ 112.25

Total............. $1,015.99

In pursuance of Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff then filed a motion for review of the clerk's taxation of costs and for retaxation thereof. The items of taxed costs in dispute are as follows:

(1) *Item 2(a)—Witness fees.*

█ Plaintiff objects to the taxing of witness fees for E. E. Rullman, on the ground that the testimony of this witness did not relate to any defense set forth in any answer and that such testimony was neither pertinent nor necessary to the decision of this case. The short answer to this objection is that plaintiff requested the defendant to produce Rullman as a witness (Tr. 20), and that plaintiff first called him to the stand (Tr. 31) and examined him (Tr. 32, 39). The defendant also examined him. Furthermore, Rullman testified as to many matters which were pertinent to the issues in the case and were expressly referred to in the court's opinion. For example, he testified as to difficulties encountered with phonograph models P, Z, J, and K, which were manufactured by

the former Delaware corporation and which employed the record-changing mechanism described in the Kenyon patent (Tr. 336); the junking of tools and dies for the manufacture of these machines, and the purchase of new tools and dies for the manufacture of the new ARC model (Tr. 336, 337); and the fact that Kenyon made no claim for royalties until a few weeks before his death in 1941 (Tr. 348). His testimony was considered material and relevant by the court and was received in evidence. Plaintiff's objection to the taxation of witness fees for Rullman is overruled.

**(2)   Item 2(d)—Witness fees.**

█ Plaintiff objects to the taxing of witness fees for W. W. Boa, on the ground that he did not testify concerning any matter relating to the interpretation of any contract in suit or to the liability of the defendant under such contract. Plaintiff claims that the testimony of this witness was directed to matters concerning the filing of an application for the Kenyon-Boa-Green patent, which was a matter of record and concerning which no testimony was necessary. Boa's testimony was by no means as limited as indicated by plaintiff. On the contrary, he gave extensive and detailed testimony as to the difficulties and trouble encountered by the former Delaware corporation with the P, Z, J, and K models. This testimony was considered material and relevant by the court and was admitted in evidence. Plaintiff's objection to the taxation of witness fees for Boa is overruled.

**(3)   Items 2(a), (b), (c), (d)—mileage.**

Plaintiff objects to the taxing of mileage for a distance in excess of 100 miles for any witness. The clerk's taxation of mileage for witnesses Rullman, Andres, and Yeomans was based on an allowance of 350 miles for each, and an allowance of 1538 miles was made for witness Boa. The clerk allowed mileage for each witness for the distance actually traveled by him on the theory that § 1821 of the New Judicial Code, 28 U.S.C.A. § 1821, contains no mileage limitation. Said § 1821 provides in part as follows: "A witness attending in any court of the United States * * * shall receive $4 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 7 cents per mile for going from and returning to his place of residence. Witnesses * * * who attend at points so far removed from their respective residence as to prohibit return thereto from day to day shall be entitled to an additional allowance of $5 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attendance."

Section 600c of the former Judicial Code was replaced by § 1821 quoted above. Neither section contains any mileage limitation, and, except for the change in the amount of money allowances, § 1821 is substantially the same as former § 600c, which provided in part as follows: "Witnesses attending in United States courts, or before United States commissioners, shall receive for each day's attendance and for the time necessarily occupied in going to and returning from the same, $2, and 5 cents per mile for going from his or her place of residence to the place of trial or hearing and 5 cents per mile for returning: Provided, That witnesses * * * in the United States courts * * * who attend court or attend before United States Commissioners, at points so far removed from their respective residences as to prohibit return thereto from day to day, shall be entitled, in addition to the compensation provided by existing law, * * * to a per diem of $3 for expenses of subsistence for each day of actual attendance and for each day necessarily occupied in traveling to attend court and return home."

Although former § 600c contained no mileage limitation, the courts, in construing that section, generally held that the mileage allowable for witnesses residing outside the district was limited to 100 miles from the place of trial. Friedman v. Washburn Co., 7 Cir., 155 F.2d 959; Vincennes Steel Corporation v. Miller, 5 Cir., 94 F.2d 347; Kirby v. United States, 9 Cir., 273 F. 391; United States v. Southern Pac. Co., D.C., 230 F. 270; Marks v. Merrill Paper Mfg. Co., 7 Cir., 203 F. 16; United States v. Green, D.C., 196 F. 255; The Vernon, D.C.,

36 F. 113. In these cases it was held that former § 600c impliedly limited the allowable mileage of witnesses from within the district to 100 miles because of § 654 of the former Code, which provided in effect that in a civil case the attendance of a witness living outside the district and more than 100 miles from the place of trial could not be compelled by subpoena. This latter section, § 654, was repealed by the new Judicial Code as having been superseded by Rule 45(e) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 45(e) (1) is substantially identical to former § 654, and provides in part as follows: "A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena."

■ The court is of the opinion that although § 1821 of the new Judicial Code does not expressly limit mileage to 100 miles, such limitation is implicit in Rule 45(e) (1) of the Federal Rules of Civil Procedure. This conclusion is in accord with the recent case of Barnhart v. Jones, D.C., 9 F.R.D. 423, decided after the effective date of the new Judicial Code and in which the identical question here in issue was presented. The court said 9 F.R.D. at page 424:

"The objections are based upon three main grounds: First, that mileage for the witness from New York and those from Pittsburgh should be limited to a distance of 100 miles from the place of trial. * *

"Plaintiffs' answers are accompanied by affidavits which repeat that attendance of all these witnesses was necessary, and the affidavits assert that no provision of the New Judicial Code or Federal Rules of Civil Procedure restricts mileage to 100 miles; but to the contrary, that 28 U.S.C.A. § 1821, allows a witness attending any court of the United States (without restriction as to distance) mileage going from and returning to his place of residence.

"As to mileage for witnesses, it is true that no statute or rule expressly limits mileage to 100 miles; but I am of opinion that such limitation is implicit in rule 45(e) (1), of the Federal Rules of Civil Procedure, 28 U.S.C.A. This rule provides that a witness subpoena may be served at any place within the district, or at any place without the district that is within 100 miles of the place of trial specified in the subpoena. The advisory committee notes to subdivision (e), paragraph (1), are to the effect that this paragraph continues the substance of 28 U.S.C.A. § 654. Section 654 was repealed in 1948 as having been superseded by rule 45(e) (1). Since the language of the rule and Section 654 are substantially the same, and since the rule was adopted to continue the substance of the statute, the law is not changed by these statutory maneuvers, but remains as it was prior to adoption of the rule and repeal of Section 654, and we must look to the intention of Congress in enacting Section 654, in order to properly interpret rule 45(e) (1). The *effect* of a subpoena served outside the district is limited to 100 miles from the place of trial, and it seems only reasonable to infer that Congress must have intended to limit the taxation of mileage to the same distance. If a court in a country as vast as ours permitted taxation of the entire mileage of witnesses without limitation as to distance, an unbearable burden would be imposed upon the conduct of litigation. Such a course might in some cases lead to a result whereby costs would be greater than the amount of the recovery.

"Economy in litigation is an essential element of justice. Taxation of unlimited mileage allowances is in derogation of this principle, and cannot be permitted.

"I therefore hold that the mileage taxable as costs for witnesses outside the district is limited to 100 miles from the place of trial. This conclusion is sustained by the weight both of reason and of authority." (Authorities cited.)

■ For the reasons above stated, plaintiff's objection to the taxing of costs for mileage in excess of 100 miles for any witness is sustained.

(4) *Items 2(a), (b), (c)—subsistence.*

■ Plaintiff objects to the taxation of subsistence exceeding the days in court for witnesses Rullman, Andres, and Yeomans,

on the ground that there was no showing that it was necessary for these witnesses to be traveling during the days other than those on which they actually testified. Under § 1821 of the new Judicial Code these witnesses were entitled to receive an "allowance of $5 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attendance." These witnesses resided in Chicago, Illinois, which is approximately 175 miles by highway from Grand Rapids, Michigan, the place of trial. With daily hearings beginning at about 10 o'clock in the morning and extending until about 5 o'clock in the afternoon, it was not unreasonable that the witnesses should leave their homes on the day prior to their scheduled appearances and leave the place of trial on the day following their appearances. Plaintiff's objection to the taxation of subsistence exceeding the days in court for the witnesses Rullman, Andres, and Yeomans is overruled.

(5) *Item 3(a)—file wrapper.*

■ Plaintiff objects to the taxation of costs for the certified file wrapper of the Kenyon et al. patent 1,879,693, on the ground that the file history was not necessary to a determination of the case. Section 1920 of the new Judicial Code, 28 U.S. C.A. § 1920, permits the taxation as costs of "fees for exemplification and copies of papers necessarily obtained for use in the case." There can be no question but that the scope of the Kenyon patent was an issue in this case. The history of the Kenyon patent provided in part the necessary and essential background for the determination of its scope. The cost of the file wrapper was, therefore, properly taxed, and plaintiff's objection to this item is accordingly overruled. See Eickhoff v. Vulcan Iron Works, D.C., 2 F.R.D. 490; Cincinnati Traction Bldg. Co. v. Westinghouse Air Brake Co., D.C., 27 F.Supp. 329.

(6) *Items 3(b), (c)—enlargements, charts, and drawings.*

Plaintiff objects to taxation of costs for the enlargement of patent drawings, for the colored drawings of the prior-art Seal patent and of the accused devices; for the simplified-assembly drawing of Kenyon's record-transfer mechanism; and for a simplified paper model of figure 16 of the Kenyon patent. This latter item was not, strictly speaking, a model. Rather, it was a paper chart with an attached, movable arm and pivoted jaws made from transparent plastic paper, which indicated the manner in which the jaws gripped a phonograph record. Plaintiff objects to the taxation of these items as costs, citing as her authority the case of T. H. Symington & Son, Inc., v. Symington Co., D.C., 12 F.Supp. 391. The case is not in point. It simply held that the cost of making *models* was not properly taxable as costs, but did not pass on the question of taxing as costs the expense of producing *charts, drawings,* and *enlargements.*

■ The rule in this circuit is that although the cost of models is not, in the absence of exceptional circumstances, taxable as costs, the cost of charts and drawings is properly allowable, where the use of such charts and drawings is reasonably necessary to facilitate complete understanding of the issues. In Goodrich v. Ford Motor Co., D.C., 55 F.Supp. 792 at page 793, this court, speaking through the late Judge Raymond, after disallowing the cost of models stated: "The items of $15 each for an enlarged chart of the Ford manifold and enlarged reproductions of Figure 2 of the Goodrich patent should be allowed as reasonably necessary to facilitate complete understanding of the issues."

In Swan Carburetor Co. v. Chrysler Corporation, 6 Cir., 149 F.2d 476, at page 477, the Court of Appeals for the Sixth Circuit, after disallowing the cost of models said: "Costs have been allowed in patent cases for the preparation of drawings and charts, as set forth in the items totalling $3,035.80 and $144 respectively, upon the theory that these costs are analagous to those covered by the statute. Reinharts, Inc., v. Caterpillar Tractor Corporation, 9 Cir., 99 F.2d 648; Appliance Investment Co. v. Western Electric Co., 2 Cir., 61 F.2d 752. In view of this authority, we hold that the allowance of the cost of the charts and drawings was not improper."

See also Copeman Laboratories Co. v. Norge Division of Borg-Warner Corp., D.C., 89 F.Supp. 161; The Galion Metallic Vault Co. v. Edward G. Budd Mfg.' Co., D.C.[1]; Eickhoff v. Vulcan Iron Works, D.C., 2 F.R.D. 490.

The fact that some of the charts or drawings were not introduced in evidence does not necessarily prohibit the taxing of their cost of reproduction. Although the former Judicial Code, 28 U.S.C.A. § 830, provided for the taxation of the cost of "copies of papers necessarily obtained for use on trials," this provision has been supplanted by § 1920 of the new Judicial Code, 28 U.S.C.A. § 1920, which provides for the taxation of the cost of "copies of papers necessarily obtained for *use in the case.*" The charts, drawings, and enlargements here in question were made for use in the case and were reasonably necessary to facilitate complete understanding of the issues. The taxation of their cost, was therefore, proper, and plaintiff's objections to these items are accordingly overruled.

(7) *Item 3(d)—photostat.*

Plaintiff objects to the taxation of costs for the photostat of the Vanderzee patent application, on the ground that said application was not necessary to a determination of the case. Prior to trial plaintiff stipulated that the defendant's accrued record changer (model 500), its construction, and operation, were shown and described in the drawings and specifications of the Vanderzee application (stipulation of June 15, 1949, par. 2). This application, which gave a complete description of one of the accused record changers, was clearly a copy of a paper "necessarily obtained for use in the case." As the original application is on file in the Patent Office, a copy thereof was necessary and proper. See Burnham Chemical Co. v. Borax Consolidated, Ltd., D.C., 7 F.R.D. 341. Plaintiff's objection to this item is overruled.

(8) *Item 3(d)—copies of patents.*

In her objection to defendant's bill of costs, plaintiff objects to the taxation of costs in the aggregate amount of $1.50 for copies of patents 2,104,032; 1,752,170; 1,-741,040, 1,358,185; 1,595,241; and 1,422,-321. However, plaintiff has not raised this objection in her motion to retax costs. Suffice it to say that these were copies of papers "necessarily obtained for use in the case," and their cost was properly taxable. Plaintiff's objection to this item is, therefore, overruled.

(9) *Item 4—transcript.*

Plaintiff objects to the taxation of the cost of the reporter's transcript in the amount of $112.25. 28 U.S.C.A. § 1920, permits the taxation as costs of the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The general practice in this and other Federal courts is that the losing party bear the expense of the original transcript which is furnished for the use of the court. See Eickhoff v. Vulcan Iron Works, D. C., 2 F.R.D. 490; Gotz v. Universal Products Co. Inc., D.C., 3 F.R.D. 153, 156. The expense of any additional copies of the transcript obtained by the parties for their own personal use must, of course, be borne by them. Stallo v. Wagner, 2 Cir., 245 F. 636; Atwood v. Jaques, C.C., 63 F. 561. The cost of the original transcript furnished for use by the court in this case was $224.50, and this amount would ordinarily be taxed as costs against the plaintiff. However, it appears that plaintiff has already paid the court reporter $112.25, or half of the cost of the original transcript, and, therefore, only the remaining half of the cost should be assessed against her. Apparently the clerk was under the mistaken impression that the cost of the original transcript was $112.25, and, as he was unaware that the plaintiff had already paid a like sum to the court reporter, he assessed this amount as costs for the transcript. However, as this amount represents the remaining one half of the cost of the original transcript, the clerk's assessment for this item may stand. In her brief plaintiff makes some reference to an agreement or understanding between opposing counsel as to the manner in which expenses for transcripts were to be handled. There

---

1. No opinion for publication.

is nothing in the record relative to any such agreement or understanding, and, of course, any such agreement or understanding not of record concerns only opposing counsel and can have no bearing on the issues here. In Eickhoff v. Vulcan Iron Works, supra, the court said 2 F.R.D. at page 491: "Item 5 deals with the cost of taking and transcribing the testimony in the case. The general practice in this court is that the losing party shall bear the entire expense thereof. I find nothing in the record that would warrant a finding that the parties intended that this practice be changed for the purpose of this case and the motion as to this item is denied."

For the reasons herein stated, plaintiff's objection to the taxation of costs for mileage in excess of 100 miles for any witness is sustained. All other objections of the plaintiff to the clerk's taxation of costs are overruled.

It is ordered that the clerk retax the defendant's costs in accordance with this opinion.