Let appropriate Order, drawn in accordance herewith, be presented.

**TODD ATLANTIC SHIPYARDS CORP. v. THE SOUTHPORT et al.**
**UNITED STATES v. THE SOUTHPORT et al.**

Nos. 1047, 1048.

United States District Court
E. D. South Carolina, Charleston Division.

Oct. 26, 1951.

764

Hagood, Rivers & Young, Charleston, S. C., for Todd Atlantic Shipyards Corp.

Moore & Mouzon, Charleston, S. C., for The Southport and others.

Ben Scott Whaley, U. S. Atty., Charleston, S. C., for United States.

Buist & Buist, Charleston, S. C., for City Compress & Warehouse Co.

WARING, Chief Judge.

These cases were heard and decided in this court, see 95 F.Supp. 331 and the Court of Appeals for the 4th Circuit affirmed. See 190 F.2d 699.

The libellants, being the prevailing parties, had the Clerk make taxation of costs. There has been objection filed and exception taken to one item of taxation on behalf of the libellant, Todd Atlantic Shipyards Corporation. This is for the sum of $108.20 sought to be taxed as an amount paid for a transcript of the testimony. In the objection to this taxation, it is pointed out that the appellees are not entitled to tax costs for a transcript of testimony to be used in an appellate court. Title 28, U.S.C.A. § 1920 governs this taxation and the pertinent portion of the same is as follows:

"Taxation of costs.

"A judge or clerk of any court of the United States may tax as costs the following:

\* \* \* \* \* \*

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

This statute was enacted in its present form in 1948 but is not materially different from the old statutes governing the taxation of costs. There are numerous decisions under the old statute that persuade me that the item of the taxation for a copy of the transcript is not sustained by law or authority. An interesting discussion and decision of this matter is in the case of the William Branfoot, 52 F. 390 where the Circuit Court of Appeals for the 4th Circuit decided a similar matter on costs directly opposed to the claim that it is a necessary incident of an appeal. The opinion in this case was by Mr. Chief Justice Fuller then sitting as a circuit justice. That view seems to have the approval of the Supreme Court in the case of Pine River Logging & Improvement Co. v. U. S., 186 U.S. 279, 22 S.Ct. 920, 46 L.Ed. 1164. To the same effect is the decision of the Court of Appeals for the 2d Circuit, Stallo v. Wagner, 245 F. 636. While this last case does not decide the matter of the taxation of costs for a transcript on appeal, the reasoning based upon a review of the earlier cases is substantially in accord with the decision in the Branfoot case.

The matter of taxation under the statute in its present form has come up in some recent cases. In Kenyon v. Automatic Instrument Co., D.C., 10 F.R.D. 248 the District Court for the Western District of Michigan denies taxation of the costs of a reporter's transcript except for the original transcript which is furnished for the use of the court. A similar ruling was made in the District Court for the Western District of Louisiana in the case of Department of Highways v. McWilliams Dredging Co., D.C., 10 F.R.D. 107 where the court says at page 109: "There is no provision in the Federal Rules or statutes for the allowance to litigants of the costs of copies of transcripts of testimony which they see fit to purchase from the reporter, other than the original filed in the record. If this were permitted, the cost of litigation could be substantially increased where there happened to be several litigants on the winning side and each attorney saw fit to purchase

one or more copies of the notes of evidence from the reporter, at the rates which he is permitted to charge. This copy was not used in, nor was it necessary to a decision of the case and will, therefore, be disallowed."

On appeal, the decision of the District Judge was affirmed in toto by the Court of Appeals for the 5th Circuit. See McWilliams Dredging Co. v. Department of Highways, 187 F.2d 61.

It seems to me quite clear that the item sought to be taxed for a transcript of the testimony for use of the appellees in the instant case cannot be included in taxable costs and the item will be disallowed and the Clerk will eliminate this from his taxation.

The Clerk will apply this ruling to the similar item in the taxation by the other libellant, namely, the United States of America.

And It Is So Ordered.