A. Arthur TRACY, a/k/a Arthur Tracy

v.

Morris C. GOLDBERG, a/k/a M. C. Goldberg.

Civ. A. No. 10038.

United States District Court
E. D. Pennsylvania.
Jan. 11, 1962.

David F. Maxwell, Philadelphia, Pa., for plaintiff.

Samuel Kagle, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This action to recover $16,500, alleged to be due on a note was instituted in August 1949 and is now before the court on plaintiff's Motion To Review Taxation of Costs by the Clerk. The defendant filed a counterclaim, seeking recovery of over $150,000, based on transactions taking place in 1949 and prior years, less the amount found to be due on the claims stated in the Complaint. After many continuances granted at the request of the parties, the case was finally tried in January 1960 [see page 3 of Memorandum Opinion Sur Motion For New Trial Under F.R.Civ.P. 59 (Document No. 32)]. Most of the trial concerned the defendant's claim for more than $150,000, as stated in the counterclaim, which involved complex business transactions and conferences occurring more than ten years prior to the date of the trial. The jury found in favor of the plaintiff and against the defendant.

Defendant filed a Motion For New Trial, alleging numerous reasons covering 20 typed pages (Document No. 20). In April 1960, the defendant filed another Motion For New Trial Under F.R.Civ. P. 60(b) (Document No. 24).

During the trial, there was evidence of considerable bitterness between the parties, who had been former friends. The post-trial motions involved numerous alleged errors of the trial judge in ruling on evidence and in the charge, as well as claims that at specific places he participated excessively in the conduct of the trial. The credibility of the parties was the major issue to be decided by the fact finder.

I. Refusal To Tax Cost of Transcript of Proceedings During The Trial

■ 28 U.S.C.A. § 1920(2) provides that "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" may be taxed as costs. An examination of the above-mentioned post-trial motions, the elaborate briefs of the parties (Documents Nos. 23, 26, 27 and 28), and the opinions of the court disposing of the post-trial motions (Documents Nos. 32 and 33) makes clear that the stenographic transcript was necessarily obtained for use in this case, particularly in view of the defendant's first Motion For New Trial with its detailed, 20 pages of specific references to alleged errors of the trial judge. The transcript itself covered 555 pages (Documents Nos. 22a, b, and c).

Professor Moore states in his treatise:

"* * * we support the divergent line of authority recognizing that stenographic transcripts are often 'necessarily obtained for use in the case'; and that if they are, rather than a mere luxury or convenience, the trial court in the exercise of a sound discretion *may* tax all reasonable expenses incurred by a prevailing party in obtaining stenographic transcripts both for the court and himself. This doctrine includes the added expense for a daily transcript when the exigencies of the case warrant; otherwise not." 6 Moore, Federal Practice, 54.77(7), p. 1375 (2nd Ed.1953).

The $404.45 which plaintiff has asked be taxed as costs represents payment to

the official court reporter for a transcript of the testimony taken during the trial, 182 pages of which was computed at the daily rate authorized by this court when only an original of the daily transcript is ordered (see Standing Order of October 1958). There is authority for allowing a transcript at the daily rate to be taxed as a cost where this daily copy is necessary for use in the case,[1] and the circumstances of this case warrant such action in view of the conflicts between the testimony of the parties and the witnesses. For example, the charge makes clear that the daily transcript was used in its preparation. The cost to the plaintiff of having the testimony transcribed will be allowed in view of the terms of 28 U.S.C.A. § 1920(2). See Consolidated Fisheries Co. v. Fairbanks, Morse & Co., 106 F.Supp. 714 (E.D.Pa.1952).[2] The daily rate will be allowed for 182 pages of the transcript. The remaining 373 pages will be taxed at the daily rate per copy, namely 50¢ per page.[3] Since the court reporter erroneously billed plaintiff for less than the $414.00 total of the above-described charges ($1.25 per page for 182 pages and 50¢ per page for 373 pages) authorized by the order of October 1958, the amount taxable for the cost of procuring transcripts will be taxed at the amount paid by plaintiff, or $404.-45.

Defendant's reliance on the right of a judge to direct the reporter to transcribe the notes taken during the trial under 28 U.S.C.A. § 753 is inappropriate in a case where the defendant himself testified of his substantial financial assets and business successes and made no request that the court direct that the notes be transcribed without cost to either party. In this case, each counsel voluntarily paid the cost of one copy of the notes of testimony. Without such payment, the notes of testimony would not have been transcribed and the ribbon copy would not have been available for the judge to use in passing on the post-trial motions. In cases such as this, where there is doubt as to whether an item is taxable as a cost of the proceeding, the better practice would have been to bring the matter to the attention of the trial judge during the trial and ask for a ruling that such matters be included in the costs of the case. See Freedman v. Philadelphia Terminals Auction Company, supra, 198 F.Supp. at page 431.

II. Refusal To Tax Cost of Obtaining Copies of Documents

■ The plaintiff has also objected to the disallowance by the Clerk of his

1. A.B.C. Packard, Inc. v. General Motors Corporation, 275 F.2d 63, 75 (9th Cir. 1960). See, e. g., Lawlor v. National Screen Service Corp., C.A. 10,020 (E.D. Pa., opinion of 6/3/59) ; Bank of America v. Loew's International Corporation, 163 F.Supp. 924, 926–928 (S.D.N.Y.1958); Perlman v. Feldmann, 116 F.Supp. 102, 105–109 (D.Conn.1953); cf. Freedman v. Philadelphia Terminals Auction Company, 198 F.Supp. 429 (E.D.Pa.1961); Delaware Valley Marine Supply Company v. American Tobacco Company, 199 F. Supp. 560 (E.D.Pa., Memorandum of 11/16/60).

2. This holding does not conflict with the case of Groenveld v. Reading Company (C.A. 8324), which was decided in this court on May 15, 1950, and which is relied on by defendant. That F. E. L. A. case was tried within a few years of the occurrences involved in the suit and did not concern complicated business transactions or numerous conflicts of testimony of the parties or witnesses. In Groenveld, the court merely decided that, although the cost of a transcript can be taxed as a cost under 28 U.S.C.A. § 1920 (2), counsel had not shown that the transcript was necessarily obtained for use in that case. However, in the instant case, it has been shown that the transcript was necessarily obtained for use in this case.

3. Since defendant ordered these pages at the daily rate as he was required to do in order to file his 20-page Motion For New Trial (Document No. 20) within ten days, he should not be allowed to contend that such rate was unnecessary for his adversary, who had to rebut his arguments. It is not often that such a detailed Motion For New Trial is necessary, but the defendant was justified in deciding that such a detailed Motion was necessary under the unusual circumstances of this case.

claim that the amount paid to the Clerk for copies of Opinions and Orders Sur Post Trial Motions ($13.65) should be taxable as costs under 28 U.S.C.A. § 1920(4). Counsel for plaintiff stated at the hearing on this motion that these copies were obtained solely for use in the appeal of this case. No authority has been cited to the court which would persuade it to tax this item as a cost of this proceeding. This item has been properly disallowed. See Todd Atlantic Shipyards Corp. v. The Southport, 100 F.Supp. 763 (E.D.S.C.1951).

### ORDER

AND NOW, January 11, 1962, IT IS ORDERED that plaintiff's Motion To Review Taxation of Costs By The Clerk of Court (Document No. 45) is granted in part and the Clerk's Taxation of Costs (Document No. 44) shall be amended to include as taxable costs $404.45 under Item I of Plaintiff's Bill of Costs (Document No. 42).