Domer SCARAMUCCI

v.

UNIVERSAL MANUFACTURING CO., Inc.

Civ. A. No. 8305.

United States District Court
W. D. Louisiana,
Shreveport Division.

Oct. 8, 1964.

Isaac Abramson, Wilson, Abramson, Maroun & Kaplan, Shreveport, La., J. Matthews Neale and John R. Bronaugh, Strauch, Nolan & Neale, Washington, D. C., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

## RULING ON OBJECTIONS TO BILL OF COSTS

After judgment was rendered in favor of defendant in this patent infringement action,[1] plaintiff has filed objections to the costs bill submitted by defendant.

Plaintiff's first objection is as to the allowance of $2,797.46 for expert witness fees, mileage, and subsistence for defendant's expert, Fishleigh. It often has been held that fees of expert witnesses called by a party in his own behalf are not taxable as costs in excess of the statutory witness fees. Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932); Green v. American Tobacco Company, 304 F.2d 70 (5 Cir. 1962); Euler v. Waller, 295 F.2d 765 (10 Cir. 1961). Provision for witness fees, mileage, and subsistence is found at 28 U.S.C.A. § 1821, and both parties agree that this statute authorizes an award to defendant for Fishleigh's testimony in the sum of $76.00. No more than that amount may be taxed as an expert's fee, or for his expenses.

Schedule B of defendant's bill of costs contains items in the amount of $87.50 for the expense of producing certain models filed in evidence as Exhibits 1, 18, and 29. Plaintiff contends there is no authority, statutory or otherwise, for the allowance of such items as costs. Courts are authorized by 28 U.S.C.A. § 1920(4) to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." However, the clear majority of reported decisions have held that costs of providing such models does not fall within that provision.[2] Consequently, this amount may not be taxed against plaintiff.

Arthur R. Carmody, Jr., Wilkinson, Lewis, Woods & Carmody, Shreveport, La., Jerry J. Dunlap, Dunlap, Laney & Hubbard, Oklahoma City, Okl., for plaintiff.

1. 228 F.Supp. 680 (W.D.La.1964).

2. See Specialty Equipment & Machinery Corp. v. Zell Motor Car Co., 193 F.2d 515 (4 Cir. 1952); Swan Carburetor Co. v. Chrysler Corp., 149 F.2d 476 (6 Cir. 1945); Reinharts v. Caterpillar Tractor

Defendant further seeks taxation of $2,465.53 for the cost of preparing charts and exhibit models used in connection with Fishleigh's testimony. As already shown, the cost of preparing such models is not taxable. Plaintiff contends that such charts should be treated in the same manner as models, and the cost of their preparation should be denied.

We find a division of authority regarding taxation of expenses for preparation of charts used as evidence in patent cases. Some courts have held that such expenses are not taxable costs within the purview of 28 U.S.C.A. § 1920.[3] Others have held that charts are exemplifications within the meaning of 28 U.S.C.A. § 1920(4) and have assessed them as costs.[4]

■■ It is a well accepted rule that under F.R.Civ.P. 54(d) taxation of costs rests in the sound discretion of the trial court.[5] In what we believe to be a proper exercise of that discretion, we emphasize that the charts in this case, although most helpful to the court, were merely illustrative and explanatory of Fishleigh's testimony, and they were prepared by him. Since the precedents do not permit taxation of such costs, the expense of these items should not be taxed against the losing party. 6 Moore, Federal Practice ¶ 54.77(7) at 1371; Prashker v. Beech Aircraft Corp., supra; Criner v. Micro-Westco, supra; Gotz v. Universal Products Co., supra. These charts were prepared by Fishleigh, and in reality constitute an integral part of his testimony. Since expenditures of his time and skill in giving oral testimony is not a taxable item, neither should such efforts in preparation of charts be taxed as costs.

■ In Schedule B of the bill of costs defendant claims $107.15 for copies of patents introduced as defendant's Exhibit 20 and $7.00 for extra copies of the Scaramucci and Horowitz patents made at the request of the court. These clearly are "copies of papers necessarily obtained for use in the case" within the meaning of 28 U.S.C.A. § 1920(4), and defendant is entitled to have such amounts taxed as costs.

■ Moreover, no objection has been made to taxation of witness fees for Horowitz and Chapman in the sum of $16.00. The docket fee of $20.00 also is appropriately taxed. 28 U.S.C.A. § 1920(5).

To recapitulate, the amounts properly to be taxed as costs are as follows:

| | |
|---|---:|
| Witness fee for Fishleigh | $ 76.00 |
| Witness fees for Horowitz and Chapman | 16.00 |
| Copies of Scaramucci and Horowitz patents | 7.00 |
| Copies of other patents in Exhibit 20 | 107.15 |
| Docket Fee | 20.00 |
| Total | $ 226.15 |

Co., 99 F.2d 648 (9 Cir. 1938); Prashker v. Beech Aircraft Corp., 24 F.R.D. 305 (D.C.Del. 1959); Kenyon v. Automatic Instrument Co., 10 F.R.D. 248 (W.D.Mich.1950).

3. Prashker v. Beech Aircraft Corp., supra; Criner v. Micro-Westco, 3 F.R.D. 495 (S.D.Iowa 1944); Gotz v. Universal Products Co., 3 F.R.D. 153 (D.C.Del. 1943); B. B. Chemical Co. v. Cataract Chemical Co., 2 F.R.D. 159 (W.D.N.Y. 1941).

4. Swan Carburetor Co. v. Chrysler Corp., supra; W. F. & John Barnes Co. v. International Harvester Co., 145 F.2d 915 (7 Cir. 1945); Reinharts v. Caterpillar Tractor Co., supra; Hope Basket Co. v. Product Advancement Corp., 104 F. Supp. 444 (W.D.Mich. 1952); Copeman Laboratories Co. v. Norge Division of Borg-Warner Corp., 89 F.Supp. 161 (E.D.Mich.1950).

5. Euler v. Waller, supra; Emerson v. National Cylinder Gas Co., 251 F.2d 152 (1 Cir. 1958); Cold Metal Process Co. v. Republic Steel Corp., 233 F.2d 828 (6 Cir. 1956).