## GALION IRON WORKS & MFG. CO. v. BECKWITH MACHINERY CO.

### No. 3231.

District Court, W. D. Pennsylvania.
Oct. 27, 1938.

---

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for plaintiff.

Brown, Critchlow & Flick, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a patent-suit in which the bill of complaint was dismissed for want of equity, and the costs of the case were ordered to be taxed against the plaintiff.

The defendant filed its bill of costs which was taxed by the Clerk of this Court; and the plaintiff has appealed from that taxation, objecting to nineteen different items of costs taxed. These we shall consider seriatum.

Objection No. 1. Reporter's fee $191.30. This objection was withdrawn in open court on argument of the appeal.

Objections Nos. 2, 3, 4, 5. Witness fees to Isabel A. Ballou, Peter J. Oswald, Walter H. Knapp, and William O. Bates, Jr., are objected to insofar as they include time spent in going to and returning from the place of trial. This objection is overruled. The Act of August 14, 1937, c. 630, 50 Stat. 647; 28 U.S.C.A. §§ 600a, 600c, makes provision for time spent in travel.

Objections 6 to 10, inclusive. Cost of models, exhibits A, B, C, CC, II and LL. These objections are all sustained. We cannot see that the cost of constructing these models is properly taxable as costs. We see no reason why parties to a patent-suit should be permitted, at their discretion, to procure models and tax the cost thereof. These models were not ordered by this court to be constructed; and we find no special circumstances that would justify us in taxing the expense of procuring them as a part of the costs in this case. This view is supported by Parker v. Bigler, Fed.Cas. No.10,726, 1 Fish.Pat.Cas. 285; Symington & Son v. Symington Co., D.C., 12 F.Supp. 391; Cornelly v. Markwald, C.C., 24 F. 187.

Objection No. 11. Cost of twenty-five certified copies of patents,—Exhibits J, K, L, M, O, BB, HH, KK, II, XX, YY, and CC. This objection is overruled. While it has been the usual practice in this District to use printed copies of patents, that is done by agreement of the parties litigant. Where no such agreement is made, the only recourse of the party desiring to offer them is to secure copies of patents, patent drawings and specifications. See R.S. § 892, 28 U.S.C.A. § 673, and R.S. § 894, 28 U.S.C.A. § 675. We regard them as having been "necessarily" obtained for use on trials; and therefore, the cost of obtaining them is taxable under R.S. § 983, 28 U.S.C.A. § 830.

Objection No. 12. Cost of seventeen colored photographs and photostatic enlargements, Exhibits AA, DD, FF, GG, JJ, MM, NN, OO, PP, QQ, SS, UU, VV, WW, ZZ, BBB and FFF. This objection is sustained. We do not regard these photo-

593

graphs and photostatic enlargements as necessary under R.S. § 983, 28 U.S.C.A. § 830. We do not regard them as properly a part of the proofs in the case, but merely as useful for argumentative purposes.

Objections Nos. 13, 14, and 15. Cost of obtaining certified copies of portions of Ronning Patent Application and File Wrapper. This objection is overruled. We regard these papers as necessary for use at the trial. The cost thereof is therefore taxable under R.S. § 983, 28 U.S.CA. § 830.

Objections Nos. 16 and 17. Cost of photostats of Bay City Times and Oswald circular. This objection is overruled. We regard these papers to be a necessary part of the evidence in the case and the costs thereof to be taxable.

Objection No. 18. Cost of expressing models to Pittsburgh. We sustain this objection on the same ground we sustained the objection to the cost of the models themselves.

Objection No. 19. Cost of oath to two documents. This objection is sustained. The bill of costs merely states: "Oath to two documents, $1.00." We are unable to determine from that statement whether this item is taxable or not, and therefore disallow it.

An order in accordance herewith may be submitted.