## CINCINNATI TRACTION BLDG. CO. v. WESTINGHOUSE AIR BRAKE CO.
### No. 2986.

District Court, W. D. Pennsylvania.
April 4, 1939.

Toulmin & Toulmin, H. A. Toulmin, Jr., and Rowan A. Greer, all of Dayton, Ohio, and Stebbins, Blenko & Parmelee and Clyde Strickland, all of Pittsburgh, Pa., for plaintiff.

Fish, Richardson & Neave and Henry R. Ashton, all of New York City, and Smith, Buchanan, Scott & Ingersoll and Frank B. Ingersoll, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

After decree in favor of defendant the plaintiff has objected to the taxation of its costs. The original bill of costs has been amended and as so amended is now under consideration.

■ No objection is urged to the first three items, viz.: costs awarded by the Circuit Court of Appeals, the fee of the Clerk of this court, and the attorney's docket fee. Also, the amount paid the court reporter for transcribing notes of testimony having been reduced by the amended bill of costs, the original objection thereto has not been urged and will be formally overruled.

■ The taxation of the witness and mileage fees of witnesses has been challenged, first, on the ground that the affidavit of defendant's agent does not assert that defendant has paid the amounts taxed, and, second, because subsistence was not payable to witnesses during the year of the trial.

The affidavit sustaining the costs taxed avers that the witnesses were material and present at the trial. The defendant, if it has not paid them, is liable for the fees and mileage taxed. Under such circumstances the objection to the taxation cannot be sustained. See Primrose v. Fenno, C.C., 113 F. 375. The second objection to the witnesses' costs is also unsustainable. In 1936 the subsistence allowance had been restored. See Act of May 15, 1936, 49 Stat. 1331. These objections will be overruled.

■ Defendant has taxed the cost of preparing certain exhibits which had been offered in evidence, and to these plaintiff has objected. Certain of the exhibits were drawings, enlarged and in some instances simplified, of patent drawings and construction designs material in the case. They are designated in defendant's tax bill as D-4, D-5, D-11, D-12, D-26 to D-29 inclusive, drawings of Mayo Patent unnumbered, D-32 to D-34, inclusive, and D-37. All of these drawings reduced the labor and were of material assistance to the court in the performance of its duty, but it is doubted if they were so necessary as to justify the taxation of them as costs. The objection to them must be sustained, desirable as they were.

■ Objection has also been made to the taxation of the cost of certain photostats offered in evidence. The objection will be sustained as to some and overruled as to others. Those identified in the cost bill as D-6 and D-7, D-14 to D-17, inclusive, D-20 and D-21, D-35 and D-36 are photostats of originals offered by defendant which were admitted in the place of the originals. The plaintiff could have demanded the offer of the originals, and is not required to pay for the expense in providing copies. The objections to the taxation of the cost of these photostats will be sustained. The other photostats, D-13, D-19 and D-38, were of excerpts from magazines and other publications, and the introduction of the photostats kept the record from being unduly cumbered. The objections to the last named charges will be overruled. The same ruling applies to charges for photostats of foreign patents and publications not identified by number.

■ The charges for the file history of the patents in suit, D-39 to D-42, inclusive, are proper and the objections to the charges for them are overruled.

Let an order be prepared in accordance with the foregoing opinion.