## GOODRICH v. FORD MOTOR CO.
### No. 6249.

District Court, E. D. Michigan, S. D.
Dec. 6, 1940.

Francis D. Hardesty, of Detroit, Mich. (Swan, Frye & Hardesty, William M. Swan, and John C. L. Cowen, all of Detroit, Mich., on the brief), for appellant.

Frank Parker Davis, of Chicago, Ill., and I. J. Farley, of Detroit, Mich. (Bodman, Longley, Bogle, Middleton & Farley, of Detroit, Mich., on the brief), for appellee.

RAYMOND, District Judge.

Plaintiff's motion for disallowance of certain items of costs which were approved by the clerk is here under consideration upon order of reference. The principal case was tried before me by agreement of parties, the trial resulting in a decree in

favor of defendant, D.C., 36 F.Supp. 548, which was later affirmed by the Court of Appeals. See Goodrich v. Ford Motor Co., 6 Cir., 97 F.2d 427. Reference to that case will disclose the intricate nature of the issues involved.

The items objected to are as follows:

Enlarged chart (Ex. A) showing Ford manifold in blue and brown colors ........................ $ 15.00

Enlarged reproduction of Fig. 2 of Goodrich patent (Ex. M)........ 15.00

Enlarged reproduction of Fig. 2 of Goodrich patent (Ex. N) minus the Goodrich partitions ........ 15.00

Cost of four wood crankshaft models for demonstration purposes, being defendant's Exs. G. 1, G. 2, G. 3 and G. 4 demonstrating models of the Ford shaft, Goodrich shaft, 180° shaft and the spiral 90° shaft .............. 246.48

Four display motors on stands (labor only—parts to be salvaged), defendant's Exs. F 1, F 2, F 3 and 4 ........................ 579.60

One cutaway intake Ford Manifold with carburetor, fan and generator (labor only) ............. 5.87

Four sets of wooden parts for building up manifold models on the display motors Exs. F 1, F 2, F 3 and F 4, these wooden parts comprising 44 and being Exs. H 1 to K 11, inclusive ............ 171.88

Trucking and handling defendant's physical exhibits aforesaid—48 hours labor handling .......... 72.00

16 hours truck and driver......... 29.60

Defendant contends that the four sets of wooden crank shafts and of wooden manifolding models and display motors were necessary to enable the court to understand fully what actually took place within the hidden walls of defendant's internal combustion engines as the fuel passed through the manifolding passage ways when different types of ninety degree crank shafts were employed for the firing of the engine and that therefore an order for preparation and presentation of these exhibits is not a condition precedent to allowance of costs therefor.

Issues relative to taxation of costs for charts and models used in patent cases have often been before the courts. Repetition here of the principles enunciated in such cases is unnecessary. Those pertinent to allowance of costs for charts are found in the following cases: Victor Talking Mach. Co. v. Starr Piano Co., 2 Cir., 281 F. 60; Appliance Inv. Co. v. Western Electric Co., 2 Cir., 61 F.2d 752, 753; Cincinnati Traction Bldg. Co. v. Westinghouse Air Brake Co., D.C., 27 F.Supp. 329; Barber-Coleman Co. v. Withnell, D.C., 28 F.2d 543. Those generally applicable to allowance of costs for models are stated in Reinharts, Inc., v. Caterpillar Tractor Co., 9 Cir., 99 F.2d 648; T. H. Symington & Son v. Symington Co., D.C., 12 F.Supp. 391; Galion Iron Works & Mfg. Co. v. Beckwith Mach. Co., D.C., 25 F.Supp. 591; Raffold Process Corporation v. Castanea Paper Co., D.C., 25 F.Supp. 593.

Re-examination of a considerable portion of the record and of the briefs filed convinces the court that with the charts, photographs and other exhibits in evidence, the models for construction of which costs are here sought to be taxed, while helpful, cannot be considered as having been so indispensable to an understanding of the operation and functions of the devices so illustrated as to justify allowance of costs therefor where not previously authorized by court order.

The items of $15 each for an enlarged chart of the Ford manifold and enlarged reproductions of Figure 2 of the Goodrich patent should be allowed as reasonably necessary to facilitate complete understanding of the issues. The remaining items to which objection has been made, amounting to $1105.43, should be disallowed. An order may be presented for signature in conformity herewith on or before December 14, 1940.