**LAMBERT et al. v. WILLIAMS LIME MFG. CO.**

**No. 243.**

District Court, E. D. Tennessee, N. D.

March 22, 1941.

See, also, 34 F.Supp. 617.

Donaldson & Montgomery, of Knoxville, Tenn., and Cyrus Kehr & Swecker, of Washington, D. C., for plaintiffs.

Frantz, McConnell & Seymour, of Knoxville, Tenn., and Cameron, Kerkam & Sutton, of Washington, D. C., for defendant.

DARR, District Judge.

The question for determination is presented by a motion to review the action of the Clerk for disallowing an item of costs of forty-seven dollars ($47).[1]

This purported item of costs was incurred in the drawing of plaintiffs' exhibit "G" which is "Sheet of Drawing Comparing Lambert and Williams' Equipment".

When this exhibit was offered in evidence the defendant objected to its admissibility and the court received it "subject to objection". The record discloses that the court did not thereafter definitely pass upon this objection. This was perhaps overlooked.

Much liberality and latitude should be permitted in taxing as costs the expenses incurred in the preparation of drawings and other exhibits that tend to clarify the subject matter and make the work of the court less difficult and tedious on these technical patent matters. This encourages litigants to go beyond what is absolutely necessary in meeting the requirements to make out their case, and to present material and evidence in the best possible form

for speedy and accurate disposition by the court.

It is clearly within the discretion of the court to say whether he feels that the particular material was necessary for a better understanding of the subject matter of the suit. Symington & Son, Inc., v. Symington Co., D.C., 12 F.Supp. 391; Galion Iron Works, etc., Co. v. Beckwith Co., D.C., 25 F.Supp. 591; and, Appliance Investment Co. v. Western Electric Co., Inc., 2 Cir., 61 F.2d 752.

However, the present case presents one of those rare situations where the material furnished was unnecessary to a proper understanding of the case and did not contribute to the court's decision.

It is probable that the court would have sustained the defendant's objection to the admissibility of this evidence had this question not been overlooked.

The Clerk's action is sustained and this item of cost denied.

---

[1] Note: In a portion of the defendant's brief there is an insistence made that the defendant should be relieved from the payment of all costs of the case. The cost has heretofore been adjudicated and the only question is raised by the motion to pass upon the Clerk's action in disallowing the item of forty-seven ($47) dollars.