See, also, D.C., 40 F.Supp. 373.

## LEEDS & NORTHRUP CO. v. DOBLE ENGINEERING CO.

### No. 4518.

District Court, D. Massachusetts.

Aug. 26, 1941.

George K. Woodworth of Boston, Mass., for plaintiff.

Harrison F. Lyman and Fish Richardson & Neave, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

In this petition for a declaratory judgment the issues were whether the defendant's patent was valid and if so whether the plaintiff infringed. The decision went for the defendant on the question of validity and for the plaintiff on the question of infringement. Plaintiff is entitled to a decree adjudicating its rights. Under Rule 54(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this decree would carry costs to the plaintiff "unless the court otherwise directs." The defendant requests the court to enter a decree without costs. This request is denied. It does not follow, however, that the defendant is not entitled to some relief from the full burden of plaintiff's taxable costs. The rule permits the court, in the exercise of its discretion, to grant such relief. United States v. E. J. Biggs Const. Co., 7 Cir., 116 F.2d 768.

An examination of plaintiff's bill of costs shows that the defendant is asked to pay expenses incurred by the plaintiff in

952

its unsuccessful attempt to invalidate defendant's patent. Such expenses aggregating over $1,000 were for depositions and attendance of witnesses at hearings before the master. The plaintiff is also asking that it be allowed over $600 paid for exhibits. Obviously many of these exhibits were offered on the question of validity and were of little aid in establishing non-infringement. It is not possible to determine to what extent these items should be disallowed but no just conclusion can be reached without giving them consideration.

In arriving at equitable results it is also necessary to take into consideration expenses incurred by both parties which cannot be included in the taxable costs, such as the defendant's expenses in defending its patent before the master and plaintiff's expenses in defending the master's report at two hearings on defendant's objection.

After considering briefs of the parties and examining the bill of costs I have decided that the decree should provide for costs but only to the extent of two-thirds of the taxable amount.