**BROOKSIDE THEATRE CORP. v. TWENTIETH CENTURY–FOX FILM CORP. et al.**

**No. 6006.**

United States District Court
W. D. Missouri, W. D.

March 15, 1951.

William G. Boatright, Arthur C. Popham of Popham, Thompson, Popham, Mandell & Trusty, all of Kansas City, Mo., Nick C. Spanos of Los Angeles, Cal., for plaintiff.

John F. Caskey of Dwight, Harris, Koegel & Caskey, New York City, Byron Spencer and Joseph J. Kelly, Jr., of Spencer, Britt & Browne, and Richard P. Brous, all of Kansas City, Mo., for defendant Twentieth Century-Fox Film Corp.

William E. Kemp of Kemp, Koontz, Claggett & Norquist and Wallace Sutherland of Cooper, Neel, Sutherland & Rogers, all of Kansas City, Mo., for defendants Paramount Pictures, Inc., Loew's Inc., RKO Radio Pictures, Inc., Warner Bros. Pictures, Inc., Warner Bros. Picture Distributing Corp., Columbia Pictures Corp., Universal Film Exchange, Inc., United Artists Corp.

DUNCAN, District Judge.

Heretofore on March 8, 1951 the "Petition for allowance of necessary costs and expenses incurred by plaintiff" was submitted to the court and evidence introduced in support thereof, and said petition was by the court taken under consideration.

The plaintiff has set out the various items which it seeks to recover as expenses. The expenditures were made through the office of Mr. William G. Boatright; through the office of Mr. Nick Spanos, and by W. D. Fulton and Stanley H. Schwartz in behalf of the plaintiff. The items are as follows:

"Itemized List of Expenses Incurred in Preparation and Trial of Brookside Case Through Boatright Office.

Long Distance and telegraph expense—

| | | |
|---|---|---|
| December, 1949 | $12.75 | |
| April, 1950 | 1.28 | |
| June, 1950 | 1.19 | |
| July, 1950 | 6.06 | |
| August, 1950 | 2.21 | |
| September, 1950 | 11.57 | |
| October, 1950 | .5.26 | |
| November, 1950 | 10.15 | |
| December, 1950 | 32.96 | |
| January, 1951 | 24.07 | |
| February, 1951 | 2.18 | |
| March, 1951 | 4.19 | $  113.87 |

Transcripts and Stenographic Services

1950

Jan. 9—. Miles & Behrens, copying excerpts of narrative statement of evidence in Rolsky v. Fox Midwest, No. 2814, Equity        258.48

| | | |
|---|---|---:|
| May 2— | Bernice M. Jackson Rep. Co.—Deposition of Harold Bradley | 63.00 |
| June 28— | Bernice M. Jackson Rep. Co.—Depositions of Oscar Brewer, Ruth Hall & Byron Spencer | 37.69 |
| July 11— | Miles & Behrens, excerpts from argument on objections to interrogatories | .75 |
| July 14— | Miles & Behrens, excerpts from transcript of arguments on application for production and inspection | .50 |
| Aug. 10— | Bernice M. Jackson Rep. Co.—deposition of Lon Cox | 61.15 |
| Aug. 23— | Miles & Behrens, excerpts of argument on objections to interrogatories | 8.50 |
| Sept. 14— | Miles & Behrens, carbon copy of excerpts from hearing of pre-trial conference | 6.25 |
| Sept. 22— | R. Forrest Brenner, Denver, Colo.—deposition of Harris Wolfberg | 266.10 |
| Oct. 9— | John F. Caskey, New York—copy of decrees | 15.20 |
| Oct. 14— | Bernice M. Jackson Rep. Co.—services in preparation of briefs on statute of limitations in Sept. and Oct. | 117.20 |
| Oct. 20— | John F. Ennis, Pittsburgh, Pa.—Deposition of Leland Hazard | 100.00 |
| Oct. 25— | Miles & Behrens, copy of pre-trial conference of this date | 14.50 |
| Nov. 10— | Miles & Behrens, copy of pre-trial conference of Nov. 9th | 14.75 |
| Nov. 10— | Miles & Behrens, carbon copy of depositions of W. D. Fulton and Stanley H. Schwartz | 198.90 |
| Nov. 20— | Bernice M. Jackson Rep. Co.—copying lists of exhibits | 6.00 |
| **1951** | | |
| Jan. 4— | Miles & Behrens—carbon copy of daily transcript | 1252.20 |
| | | $ 2421.17 |

Photostating, printing and preparation of
exhibits, charts and maps—

**1950**

| | | |
|---|---|---:|
| Oct. 2— | Demaree Stationery Co.—files for exhibit | 9.53 |
| Oct. 4— | Kansas City Blue Print Co.—photostating exhibits | 617.57 |
| Oct. 31— | Photocraft—enlargements of exhibits | 20.23 |
| Nov. 3— | K. C. Blue Print Co. photostating exhibits | 5.55 |
| Nov. 7— | Western Blue Print Co.—photostating exhibits | 1.53 |
| Nov. 14— | K. C. Blue Print Co.— " " | .80 |
| Nov. 14— | K. C. Blue Print Co.— " " | .86 |
| Nov. 10— | Gallup Map & Stationery Co.—Greater K. C. map 38.36; U. S. Outline map 3.21 | 41.57 |
| Nov. 29— | K. C. Blue Print Co.—photostating code hearing | 3.12 |

| | | |
|---|---|---:|
| Nov. 20— | Demaree Stationery Co.—folders and trans. cases for exhibits, etc. | 14.01 |
| Nov. 30— | Lewis Printing Co.—printing of charts for exhibits on paying and playing position | 388.37 |
| Dec. 1— | Manncraft—easel for mounting exhibits on playing and paying position | 18.36 |
| | | $ 1121.50 |

Traveling Expense—

1950

| | | |
|---|---|---:|
| Aug. 20— | Expenses of Boatright to Denver to interview Harris Wolfberg | 93.40 |
| Sept. 16— | Expenses of Boatright to Denver to take Harris Wolfberg's deposition | 101.56 |
| | | $ 194.96 |

Court Costs, Subpoenas, Clerk's Charges—

1950

| | | |
|---|---|---:|
| May 23— | U. S. Marshal—serving subpoenas | 1.50 |
| Oct. 24— | A. L. Arnold, Clerk—copy of opinion | 2.00 |
| Nov. 2— | Recorder of Deeds, Jackson County—certified copy of Art. of Incorp. | 3.00 |
| Nov. 7— | Walter H. Toberman, Secy. of State—fee for certified copy of Certif. of Incorp. and Art. of Ass'n | 3.75 |
| Nov. 8— | U. S. Marshal—serving subpoenas $2.00 less refund of 80 cents | 1.20 |
| Dec. 13— | U. S. Marshal—serving subpoenas | 1.20 |
| | | $ 12.65 |

Expert Witnesses, Witness Fees and Auditors—

1950

| | | |
|---|---|---:|
| Dec. 1— | Charles C. Scott—opinion, preparation of opinion and photographs and exhibits re obliterated typing on Paramount contract with Fox Midwest, and testimony in court | $ 400.00 |

1951

| | | |
|---|---|---:|
| Jan. 29— | Edward Fraser, C.P.A. attendance in court | 25.00 |
| Jan. 31— | Sernes & Chandler—auditing records of Brookside, Plaza, Warrick, Waldo and preparation of charts and exhibits; analyzing advertising material in Kansas City Star, and preparing reports and schedules, and testimony of Sernes and Chandler in court | 6750.00 |
| | | $ 7175.00 |

## Summary

| | |
|---|---:|
| Long distance and telegraph expense | $ 113.87 |
| Transcripts and Stenographic Services | 2,421.17 |
| Photostating, printing and preparation of exhibits, charts and maps | 1,121.50 |
| Traveling Expense | 194.96 |
| Court costs, subpoenas and Clerk's charges | 12.65 |
| Expert witnesses, witness fees and auditors | 7,175.00 |
| **Total Expense Through Boatright Office—** | **$11,039.15** |

### "Expenditures by Nick C. Spanos in Brookside Case

Traveling Expense (up to March 8, 1951)

| | | |
|---|---:|---:|
| Air | $824.93 | $ 1182.22 |
| Train | 357.29 | |

Hotel Expense (up to March 8, 1951)

| | | |
|---|---:|---:|
| Hotel Grosvenor (New York) | 175.44 | |
| Hotel Harrington (Washington) | 3.57 | |
| Park Lane Hotel (Denver) | 16.12 | |
| Pickwick Hotel (Kansas City) | 154.68 | |
| Schuyler Hotel (Kansas City) | 243.21 | |
| | | 593.02 |

Photostating

| | | |
|---|---:|---:|
| California Blue Print Co. | 36.23 | |
| Seymour Simon (Chicago) | 7.00 | |
| Clerk's Office S. D. of N. Y. | 60.00 | |
| | | 103.23 |

Typing and Stenographic Services

| | | | |
|---|---|---:|---:|
| Bobette Burke | (California) | 65.00 | |
| Lynch & Newman | " | 40.55 | |
| Laura R. Lord | " | 79.24 | |
| Dorothy Stanley | " | 115.00 | |
| Josephine Corbett | " | 25.00 | |
| A. B. Seramek | " | 56.00 | |
| | | | 380.79 |

Filing Fees & Official Documents

| | | |
|---|---:|---:|
| D. C. S. D. Cal. | 30.65 | |
| D. C. S. D. N. Y. | 57.50 | |
| D. C. N. D. Ill. | 1.75 | |
| D. C. W. D. Mo. | 4.90 | |
| | | 94.80 |

Long Distance Telephone & Telegraph     143.89

Depositions & Reporters' Transcripts

| | | |
|---|---:|---:|
| Noon & Pratt (California) (Toplikar depo.) | 62.00 | |
| Albert H. Bargion " (Exc. from proceedings mo. to transfer) | 12.00 | |
| | | 74.00 |

U. S. Marshal                                                          28.36
Witness Fees (Toplikar)                                                8.00
Legal Fees (Stanley Howell)                                           50.00

   Total Expenditures by Nick C. Spanos —            $ 2,658.31

"Expenditures by W. D. Fulton and Stanley H.
Schwartz in Brookside Case

1950

March 2— Western Blue Print Co.—photostating exhibits           2.55

June 1— Gallup Map & Stationery Co.—making up Greater
K. C. map (the mounting of which was paid by
Boatright and is so shown under his expenses)              40.00

Dec. 20— Wm. Toplikar, California—Expenses of trip to
Kansas City from California                               241.75

   Total Expenditures by Fulton & Schwartz —        $    284.30

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Summary of total expenses—

Expenses through Boatright office                      $11,039.15
Expenditures by Nick C. Spanos                           2,658.31
Expenditures by Fulton & Schwartz                          284.30

                              Total —                  $13,981.76"

It will be observed that the petition asks for "necessary *costs* and *expenses* incurred by plaintiff" (E.S.) Title 15 § 15 U.S.C.A. provides: "* * * and shall recover threefold the damages by him sustained, and the *cost* of suit, including a reasonable attorney's fee." (Emphasis supplied.)

There is no provision in the statute for allowing all the expenses incurred by the plaintiff in the preparation and trial of a lawsuit under this Act, and I think the amounts allowed as costs of suit should reasonably conform to what is commonly understood to be the "cost of suit". It seems to me that long distance calls are not a part of the "cost of suit". They may be expenses incident to the preparation of suit, but they are not a part of the costs. The amount of the long distance calls in the sum of $113.98 will therefore be denied.

Likewise the item of January 9, 1950 of $258.48 paid to Miles & Behrens for "copying excerpts of narrative statement of evidence in Rolsky v. Fox Midwest, No. 2814, Equity" will be disallowed as an improper item.

The item of July 11, 1950 paid to Miles & Behrens for "excerpts from argument on objections to interrogatories" in the sum of 75¢ will be disallowed.

Likewise the item of July 14, 1950 paid to Miles & Behrens for "excerpts from transcript of arguments on application for production and inspection" in the sum of 50¢ will be disallowed.

The item of August 23, 1950 of $8.50 paid to Miles & Behrens for "excerpts of argument on objections to interrogatories" will be disallowed.

The item of October 14, 1950 in the sum of $117.20 paid to Bernice M. Jackson Reporting Company for "services in preparation of briefs on statute of limitations in Sept. and Oct." will be disallowed. This type of service may be classified as "overhead" in a law office, and is not properly chargeable as costs in a case.

The item of November 10, 1950 in the sum of $198.90 to Miles & Behrens for "carbon copy of depositions of W. D. Fulton and Stanley H. Schwartz" will be disallowed.

The item of November 20, 1950 in the sum of $6.00 paid to Bernice M. Jackson Reporting Company for "copying lists of exhibits" is disallowed, it being an item of overhead office expense.

The item of June 28, 1950 to Bernice M. Jackson Reporting Company for "Depositions of Oscar Brewer, Ruth Hall & Byron Spencer" in the sum of $37.69 is allowed.

The item of August 10, 1950 in the sum of $61.15 to Bernice M. Jackson Reporting Company for "deposition of Lon Cox" is allowed.

■ The item of September 14, 1950 in the sum of $6.25 paid to Miles & Behrens for "carbon copy of excerpts from hearing of pre-trial conference" is allowed. It being the opinion of the court that in view of the nature and extent of the pre-trial conferences and the matters covered therein, a proper understanding of such matters could not be properly had without a transcript thereof.

■ The item of October 9, 1950 paid to John F. Caskey of New York for "copy of decrees" (apparently these were decrees in the Paramount case in the Southern District of New York) is allowed, in the sum of $15.20.

The item of October 20, 1950 in the sum of $100.00 to John F. Ennis, Pittsburgh, Pennsylvania, for "Deposition of Leland Hazard" is allowed. (This item seems unusually excessive, but there is no evidence to indicate to what extent).

The item of October 25, 1950 in the sum of $14.50 paid Miles & Behrens for "copy of pre-trial conference as of this date" is allowed.

The item of November 10, 1950 in the sum of $14.75 paid Miles & Behrens for "copy of pre-trial conference of November 9th" is allowed.

The item of May 2, 1950 to Bernice M. Jackson Reporting Company for "Deposition of Harold Bradley" in the sum of $63.00 is allowed.

The item of September 22, 1950 to R. Forrest Brenner, for "deposition of Harris Wolfberg" in the sum of $266.10 is allowed.

The last item under this group is to Miles & Behrens under date of January 4, 1951 for "carbon copy of daily transcript" which was supplied to the plaintiff pursuant to its request. It is the understanding of the court that defendants likewise obtained such daily copy. The amount is $1252.20 and the correctness or reasonableness thereof is not questioned by the defendants.

■ I agree with Judge Barnes of the District Court of Illinois in the case of Milwaukee Towne Corporation v. Loew's, Inc.,[1] that obtaining daily copy in the trial of a long complicated case extending over a period of seven weeks and running into more than 4000 pages of record, is essential both to the court and to counsel for a proper understanding of the case as it progresses, and therefore is a proper item of court costs, and the amount of $1252.20 should be and is allowed.

The next group in plaintiff's petition is headed "Photostating, printing and preparation of exhibits, charts and maps."

The item of October 2, 1950 to Demaree Stationery Co., for "files for exhibits" in the sum of $9.53 is disallowed. This is not an item of cost and cannot be properly so charged.

The item of Nov. 10, 1950 to Gallup Map & Stationery Co., for "Greater K. C. map 38.36; U. S. Outline map 3.21" making a total of $41.57 is disallowed as not a proper item of cost.

The item of Nov. 20, 1950 Demaree Stationery Co., for "folders and trans. cases for exhibits, etc." $14.01 is disallowed, for the reason that it is not a proper item of cost.

The item of Nov. 30, 1950 to Lewis Printing Co., for "printing or charts for exhibits on paying and playing position" in the sum of $388.37 is disallowed. These charts were unquestionably of considerable value to the plaintiff in the preparation of its testimony. However, in most respects they were the means of accentuating the testimony of witnesses who testified orally to the same facts that appeared in the charts.

---

1. No opinion for publication.

Where the court is likely to be 1:equested to tax costs, particularly in large amounts, in addition to the usual costs authorized by the statute to be taxed by the clerk, it is the opinion of the court that before such costs are incurred, they should first be authorized by the court in pre-trial conference, or otherwise.

The item of Dec. 1, 1950 to Manncraft for "easel for mounting exhibits on paying and playing position" in the amount of $18.-36 is disallowed. This is not a proper item of cost.

The item of October 4, 1950 Kansas City Blue Print Co., for "photostating exhibits" in the sum of $617.57 is allowed.

The item of Oct. 31, 1950 to Photocraft for "enlargement of exhibits" in the sum of $20.23 is allowed.

The item of Nov. 3, 1950 to K. C. Blue Print Co., for "photostating exhibits" in the sum of $5.55 is allowed.

The item of Nov. 7, 1950 to Western Blue Print Co., for "photostating exhibits" in the sum of $1.53 is allowed.

The items of Nov. 14 K. C. Blue Print Co., for "photostating exhibits" in the amounts of $.80 and $.86 are allowed.

The item of Nov. 29, 1950 to K. C. Blue Print Co., for "photostating code hearing" in the sum of $3.12 is allowed.

The items of August 20 and of September 16, 1950 in the sum of $194.96 expended by Mr. William Boatright, one of the attorneys for the plaintiff in two trips to Denver, Colorado on August 20 $93.40 to interview a witness, and on September 16 $101.56 for the purpose of taking depositions of the witness interviewed, are disallowed as not proper items of cost.

[8] The next group is headed *"Court Costs, Subpoenas, Clerk's Charges."*

The item of May 23, 1950 to U .S. Marshal for serving subpoenas in the sum of $1.50 is allowed.

The item of Oct. 24, 1950 to A. L. Arnold, Clerk—"copy of opinion" $2.00 is allowed.

The item of Nov. 2, 1950 to Recorder of Deeds, Jackson County for "certified copy of Art. of Incorp." in the sum of $3.00 is allowed.

The item of Nov. 7, 1950 Walter H. Toberman, Secy. of State in the sum of $3.75 for fee for certified copy of "Certif. of Incorp. and Art. of Ass'n" is allowed.

The item of Nov. 8, 1950 U.S. Marshal "serving subpoenas $2.00 less refund of 80 cents" is allowed in the sum of $1.20.

The item of Dec. 13, 1950 U. S. Marshal "serving subpoenas" in the sum of $1.20 is allowed.

The next items are under the heading *"Expert Witnesses, Witness Fees and Auditors."*

The item of Dec. 1, 1950 to Charles C. Scott for "opinion and photographs and exhibits re obliterated typing on Paramount contract with Fox Midwest, and testimony in court" in the sum of $400.00 is disallowed.

This item is disallowed for two reasons. First: the court does not believe that the cost of expert testimony may be properly charged as costs in a case beyond the statutory allowance for witness fees. The second is that in the opinion of the court, such items, if they are to be contracted and charged as costs in a case, as heretofore stated, should first be submitted to the court as being essential to a proper understanding of the issues in the case, and authority to incur such costs approved by the court.

The item of Jan. 29, 1951 Edward Fraser, C.P.A.—"attendance in court" in the sum of $25.00 is disallowed.

The item of Jan. 31, 1951 for amounts paid or contracted for payment, or obligated to be paid by the plaintiff to Sernes & Chandler for "auditing records of Brookside, Plaza, Warrick, Waldo and preparation of charts and exhibits; analyzing advertising material in Kansas City Star, and preparing reports and schedules, and testimony of Sernes and Chandler in court" in the sum of $6750.00 is allowed in the sum of $5145.00.

This portion of the amount it is agreed was the cost of the audit. These audits were authorized by the court pursuant to an application filed by the plaintiff and after pre-trial conferences, and were nec-

essary to a proper understanding of the issues with respect to the profits of the Brookside Theatre, and in the opinion of the court it is a proper charge as costs in this type of case.

The remainder of the amount—$1605.00—was for analyzing advertising material in the Kansas City Star, and preparing reports and schedules, etc., with respect thereto, and the testimony of Sernes and Chandler in court. It is the opinion of the court. that the defendant is not liable for the charges for expert witnesses, and I am unable to determine from the petition what portion of the latter amount was for testifying.

The service rendered by the accountants in checking the newspapers and making a report with respect thereto it is contended by the plaintiff was a difficult task requiring the expert knowledge of the accountants. With this contention I am unable to agree. It is my impression that such work was a part of the detailed preparation of the case for trial, and that the charges which the plaintiff seeks to make cannot be justified therefor, and the item to that extent is disallowed.

The next group in the petition is entitled: "Expenditures by Nick C. Spanos in Brookside case."

The first item is for traveling expenses to March 8, 1951 in the sum of $1182.22, composed of two items, $924.93 for air travel and $357.29 for train fare. It is the understanding of the court that these items were incurred by Mr. Spanos, a resident of Los Angeles, incident to the obtaining of information in New York preparatory to the filing of the complaint, and thereafter in the preparation of trial, this information being found in the records and files in the Paramount case in the Southern District of New York. The expenses incident to obtaining the information for the preparation of the complaint is not an item of cost which may be charged to the defendants.

The case was transferred from California to Missouri under the authority of Section 1404(a) Title 28 U.S.C.A. Where venue of cases are transferred under that section, the convenience of counsel and expenses incident thereto may not be charged as items of cost.

The next item is made up of hotel expenses to March 8, 1951 aggregating $593.02. These items like the above, are the personal expenses of counsel and cannot be charged as costs.

The next item for $103.23 for photostating is allowed.

The next item for "Typing and Stenographic Services" in the sum of $380.79 which apparently were contracted and paid in California in preparation of the complaint for filing and other matters incident to the opposition to the transfer of the case to Missouri, are items of ordinary office overhead and cannot be properly charged as costs.

The next item "Filing Fees & Official Documents" which as I understand were certified copies of necessary documents, is allowed in the sum of $94.80.

The next item for long distance and telegraph charges in the sum of $143.89 like the first item in the group paid by Mr. Boatright, is also disallowed.

The next item "Depositions & Reporters' Transcripts" paid to Noon & Pratt for depositions and services incident thereto in the sum of $62.00 is allowed.

The next item to Albert H. Bargion in the sum of $12.00 is disallowed.

The next item in the sum of $28.36 to the "U. S. Marshal" is allowed.

The next item in the sum of $8.00 as "Witness Fees" to Toplikar is allowed.

The next item of $50.00 to Stanley Howell for "Legal Fees" is disallowed as not being a proper item of court costs.

The next group is entitled "Expenditures by W. D. Fulton and Stanley H. Schwartz in Brookside Case," on behalf of plaintiff.

The first item March 2, 1950 to Western Blue Print Co., "photostating exhibits" in the sum of $2.55 is allowed.

The next item June 1, 1950 Gallup Map & Stationery Co., "making up Greater K. C. map (the mounting of which was paid by Boatright and is so shown under his expenses)" in the sum of $40.00 is disallowed for the reasons heretofore stated.

The item of December 20, 1950 to Wm. Toplikar, (California) "Expenses of trip to Kansas City from California," in the sum of $241.75 is disallowed.

 It was represented to the court that although Toplikar's deposition was taken and was on file, it was thought advisable to have the witness here prior to the close of the trial. Witness fees may not be taxed as costs beyond 100 miles from the place of the trial.

The total amount of costs allowed to the plaintiff herein is the sum of $7987.09.