John H. EMERSON and J. H. Emerson Co.

v.

NATIONAL CYLINDER GAS COMPANY and Stanton Scientific Equipment Co.

Civ. A. Nos. 54–900, 55–905.

United States District Court D. Massachusetts.

Jan. 8, 1957.

Robert L. Thompson, Boston, Mass., for plaintiff.

Herbert P. Kenway, Boston, Mass., Richard D. Mason, M. Hudson Rathburn, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for defendant.

ALDRICH, District Judge.

Following the opinion on the merits, D.C., 146 F.Supp. 581, counsel have been heard on costs. It is, of course, customary to award costs to the successful party in a patent infringement suit.

This is not a usual case. The trial, and consequent decision, required far more time than it seems to me was necessary. This alone would not be important, but what is important is that on significant issues defendants were totally unsuccessful. I would not cavil if these were relatively minor, or simple matters, but they were not. The California depositions on the alleged Erickson Venturi device were extensive. As pointed out in the opinion, defendants' own witness on cross-examination in two sentences showed this device, were it proven, a classic example of what was not to be considered. By further extensive depositions and innumerable exhibits defendants sought, unsuccessfully, to establish the second Goodner Venturi machine as prior art. The plaintiffs not only had to cross-examine at length, but had to bring a witness from California with exhibits to meet this claim, which I think they were wise to do. The depositions were tiresomely long. While this criticism applies to the cross-examination as well, this was much more pardonable in view of the direct. And, as stated, the defendants failed on the issue. From defendants' standpoint this is not a case like Texas Co. v. Globe Oil & Refining Co., 7 Cir., 225 F.2d 725, where various portions of the record proved simply to be unnecessary in the light of a favorable decision on other grounds. Neither do I consider defendants "prevailing party" decisions on the law side of the court. Defendants seem to overlook that this is an equity matter. See, e. g., Leeds & Northrup Co. v. Doble Engineering Co., D.C.D.Mass., 41 F.Supp. 951.

The most substantial item sought by the defendants is the cost of the drawings, or charts, prepared by their expert. Had these suits involved millions of dollars these charts could not have been more elaborate, detailed, or embracing. Some were repetitious. Some merely enlarged the drawings in various patents already in evidence, for no substantial purpose. Some were based upon or included devices that I have found were not properly to be considered as prior

art.[1] Beyond this, and most important, individually they were overdone, far beyond the needs of the occasion.[2] While a party is free to offer charts of this elaborate perfection, and, confessedly, I enjoyed as artistic productions those that I used, it is another matter to charge this to the unsuccessful party. Defendants' counsel candidly admitted that any one hiring this particular expert put himself in his hands. A lawsuit is costly enough without underwriting carte blanche all extravagances the other side chooses to indulge in. Throughout I received the impression that defendants were making the prosecution of this case as expensive as they could. The plaintiffs had patents. From certain aspects infringement was clear. Apprehension of the imposition of excessive costs should not exist as a possible deterrent against the prosecution of legitimate disputes.

■■ The test of whether a chart expense should be taxable as costs under 28 U.S.C.A. § 1920 is the extent to which it was reasonable to go to furnish "real assistance" to the court, Barber-Coleman v. Withnell, D.C.D.Mass., 28 F.2d 543, 544; Cincinnati Traction Bldg. Co. v. Westinghouse Air Brake Co., D.C.W.D. Pa., 27 F.Supp. 329; Goodrich v. Ford Motor Co., D.C.E.D.Mich., 55 F.Supp. 792. In my opinion 25% rather than 100% of defendants' expense would have been quite sufficient to cover the problems in the case in an adequate understandable manner.

Of the matters listed in Appendix "A" to defendants' brief I will not allow the following items of costs:

3b, 3d, 3e, items, if any, relating to Goodner Venturi machine and Erickson unproven device.

3c. Charts. Reduce to 25% of expense. I do not make the computation because defendants' appendix figures should first be reviewed to eliminate charges, if any, allocable to preparation and reproduction of "Yes" "No" comparative tables, which constitute expert testimony. Cf. Swan Carburetor Co. v. Chrysler Corp., D.C.E.D.Mich., 55 F.Supp. 794, affirmed in part and reversed in part, 6 Cir., 149 F.2d 476.

■■ 4–17. California, Arizona and New Jersey depositions. An additional word may be called for on some of these depositions. Defendants argue that to some extent they supplied historical background, and accordingly were of use apart from the specific issues to which they were primarily addressed. This aspect is of relatively minor significance. I offset against it plaintiffs' costs on the rest of these depositions.

18–23. Boston depositions. These were taken of plaintiffs. In general I hold that the burden of proof on purely local depositions, prima facie taken as discovery or preparation rather than for use at the trial, is upon the party claiming them. Preparation costs should not be taxable. Hansen v. Bradley, D.C.D. Md., 114 F.Supp. 382; Burnham Chemical Co. v. Borax Consolidated, Ltd., D.C. N.D.Cal., 7 F.R.D. 341; Andresen v. Clear Ridge Aviation, Inc., D.C.D.Neb., 9 F.R.D. 50. To an extent defendants may have met that burden in this case. Again, however, I would offset against this the heavy and needless expense plaintiffs were put to on the out-of-state depositions.

Except as hereinabove stated I make no affirmative allowance to plaintiffs for their costs.

---

1. Of approximately 38 charts, 5 contained the alleged Erickson Venturi device, and 5, including one of the foregoing, reproduced the Goodner Venturi machine.

2. Compare defendants' expert's detailed ■■■■ engineering niceties with Erickson's pencil drawings, made off-hand. The latter were entirely comprehensible. This is well illustrated by the five charts in which defendants' expert used them.