**H. C. BAXTER & BRO., a partnership, and General Foods Corporation, a corporation of Delaware, Plaintiffs,**

**v.**

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., a corporation of Maryland, Defendant.**

**Civ. No. 7–136.**

United States District Court
D. Maine, S. D.
Jan. 15, 1968.

Paul A. Wescott, Daniel T. Drummond, Portland, Me., W. Brown Morton, Washington, D. C., for plaintiffs.

William B. Mahoney, Portland, Me., Nicholas J. Stathis, John T. Kelton, New York City, for defendant.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This case is before the Court upon plaintiffs' motion to review the taxation of costs by the Clerk. Fed.R.Civ.P. 54 (d). The action was one for patent infringement, in which the defendant counterclaimed for a declaratory judgment of invalidity and non-infringement. The central issue was the validity of a process patent for pretreating French fried potato strips in a sugar solution in order to obtain a desired and substantially uniform color on frying. After a protracted trial the Court held that the patent claims in suit were invalid for inoperativeness and indefiniteness, and entered judgment for the defendant. H. C. Baxter & Bro. v. Great Atlantic & Pacific Tea Co., 236 F.Supp. 601 (D.Me. 1964), aff'd, 352 F.2d 87 (1st Cir. 1965), cert. denied, 384 U.S. 905, 86 S.Ct. 1338, 16 L.Ed.2d 358 (1966).

The only question before the Court at this time is the propriety of the Clerk's taxation as costs against the plaintiffs of $1466.25 expense incurred by the defendant in the preparation of fifteen color photographs and eighty-nine glass color slides of samples of French fried potato strips which had been treated by the patented process. The color photographs and slides had been prepared under the supervision of defendant's expert witnesses and were introduced in evidence and shown to the Court during their testimony. Plaintiffs do not question the reasonableness of the amounts sought by the defendant for these exhibits. See Emerson v. National Cylinder Gas Co., 147 F.Supp. 543 (D.Mass. 1957), aff'd, 251 F.2d 152 (1st Cir. 1958). Plaintiffs contend, however, that the substantial expense for the preparation of the photographs and slides should not be taxed against them because the defendant did not get the prior authorization of the Court to incur these expenses. They also urge that these exhibits were not necessary to resolve facts in dispute and were merely aids to expert testimony, and hence were not properly taxable as costs.

██ Plaintiffs' principal objection to the allowance of these costs is that the defendant did not obtain prior Court approval of the preparation of the exhibits. Unquestionably, it is the better practice, and certainly it is the safer practice, for a party, whenever possible, to obtain advance authorization from the court before incurring substantial expenditures which he expects to have taxed as costs in the event he prevails. Many courts have strongly urged this practice, especially in patent litigation, in the interest of minimizing extravagant and unnecessary expenses in already costly litigation. Appliance Investment Co. v. Western Electric Co., 61 F.2d 752, 756 (2d Cir. 1932); Victor Talking Machine Co. v. Starr Piano Co., 281 F. 60, 66 (2d Cir.), cert. denied, 260 U.S. 726, 43 S.Ct. 89, 67 L.Ed. 483 (1922); Freedman v. Philadelphia Terminals Auction Co., 198 F.Supp. 429, 431 (E.D.Pa.1961); Gotz v. Universal Products Co., 3 F.R.D. 153, 156 (D.Del.1943); cf. Brookside Theatre Corp. v. Twentieth Century-Fox Film Corp., 11 F.R.D. 259, 267 (W.D. Mo.1951). See 6 Moore, Federal Practice § 54.77 [6] at 1370–71 (2d ed. 1965). However, with rare exceptions, the courts have not made such prior approval an absolute prerequisite for the recovery of otherwise proper costs. W. F. and John Barnes Co. v. International Harvester Co., 145 F.2d 915, 918 (7th Cir. 1944), cert. denied, 324 U.S. 850, 65 S.Ct. 687,

89 L.Ed. 1410 (1945); Appliance Investment Co. v. Western Electric Co., supra; Victor Talking Machine Co. v. Starr Piano Co., supra; Freedman v. Philadelphia Terminals Auction Co., supra; Gotz v. Universal Products Co., supra; cf. Brookside Theatre Corp. v. Twentieth Century-Fox Film Corp., supra. See 6 Moore § 54.77 [6] at 1370–71. But see Euler v. Waller, 295 F.2d 765, 767 (10th Cir. 1961); Prashker v. Beech Aircraft Corp., 24 F.R.D. 305, 313 (D.Del.1959); Raffold Process Corp. v. Castanea Paper Co., 25 F.Supp. 593, 594 (W.D.Pa.1938). While this Court is of the view that normally a party should secure prior court approval for expenditures of the type involved in the preparation of these exhibits, the present case presents no circumstance which would justify precluding the defendant from recovering amounts otherwise taxable as costs solely because of its failure to obtain such approval.

Plaintiffs' second objection is that the expense of the color photographs and slides was not properly taxable because they were not necessary to the case. There is little unanimity among the reported cases on the question of the extent to which costs may be allowed for such items as models, charts, motion pictures and photographs. Most courts have held that the expense incurred in the preparation of models is not taxable as costs, even though the models are introduced into evidence. Swan Carburetor Co. v. Chrysler Corp., 149 F.2d 476, 477–478 (6th Cir. 1945), affirming in part, reversing in part, 55 F.Supp. 794 (E.D. Mich.1944); Reinharts v. Caterpillar Tractor Co., 99 F.2d 648, 649 (9th Cir. 1938); Scaramucci v. Universal Mfg. Co., 234 F.Supp. 290, 291–292 (W.D.La. 1964); Prashker v. Beech Aircraft Corp., supra (non-patent case); Copeman Laboratories Co. v. Norge Division of Borg-Warner Corp., 89 F.Supp. 161, 164–165 (E.D.Mich.1950); Eickhoff v. Vulcan Iron Works, 2 F.R.D. 490, 491 (M.D.Pa. 1942); Goodrich v. Ford Motor Co., 55 F.Supp. 792, 793 (E.D.Mich.1940); Galion Iron Works & Mfg. Co. v. Beckwith Machinery Co., 25 F.Supp. 591, 592 (W. D.Pa.1938); 6 Moore § 54.77 [6] at 1369. But see W. F. and John Barnes Co. v. International Harvester Co., supra. However, it is generally held, frequently by analogy to 28 U.S.C. § 1920(4),[1] that the reasonable expense of preparing charts, photographs, motion pictures and similar visual aids is taxable as costs when "necessary and helpful" to an understanding of the case. Swan Carburetor Co. v. Chrysler Corp., supra; W. F. and John Barnes Co. v. International Harvester Co., supra; Reinharts v. Caterpillar Tractor Co., supra; Appliance Investment Co. v. Western Electric Co., supra; Victor Talking Machine Co. v. Starr Piano Co., supra; Emerson v. National Cylinder Gas Co., supra; Hope Basket Co. v. Product Advancement Corp., 104 F.Supp. 444, 450 (W.D.Mich. 1952); Copeman Laboratories Co. v. Norge Division of Borg-Warner Corp., supra; Gotz v. Universal Products Co., supra; Eickhoff v. Vulcan Iron Works, supra; Goodrich v. Ford Motor Co., supra; Barber-Coleman Co. v. Withnell, 28 F.2d 543, 544 (D.Mass.1928); 6 Moore § 54.77 [6] at 1370. On the other hand, the expense of such exhibits is not allowable when they are merely "illustrative or explanatory" of expert testimony, other evidence, or in aid of argument. Scaramucci v. Universal Mfg. Co., supra; Gotz v. Universal Products Co., supra; Prashker v. Beech Aircraft Corp., supra; Brookside Theatre Corp. v. Twentieth Century-Fox Film Corp., supra; Criner v. Micro-Westco, 3 F.R.D. 495 (S.D.Iowa 1944); Cincinnati Traction Bldg. Co. v. Westinghouse Air Brake Co., 27 F.Supp. 329 (W.D.Pa.1939); Galion Iron Works & Mfg. Co. v. Beckwith Machinery Co., supra; 6 Moore § 54.77 [6] at 1371.

---

1. 28 U.S.C. § 1920(4) provides that there may be taxed as costs "Fees for exemplification and copies of papers necessarily obtained for use in the case."

■ After a careful analysis of the foregoing cases, the following principles can be formulated: The reasonable expense of preparing charts, photographs, motion pictures and similar visual aids is properly taxable as costs when the exhibits have been received in evidence and have been of material aid to the court in resolving substantial and disputed questions of fact. The expense of such exhibits is not allowable when they are merely illustrative or repetitive of otherwise adequate evidence. The test should be "the extent to which it was reasonable to go to furnish 'real assistance' to the court." Emerson v. National Cylinder Gas Co., supra at 147 F.Supp. 545. As stated in Barber-Coleman Co. v. Withnell, supra,

> "To restrict the allowance of such costs to drawings and photographs which were absolutely necessary seems to me too narrow a rule. The expense of those which were admitted in evidence and furnished real assistance to the court in getting to the essential facts of a case ought in justice to be taxable."

■ In the present case the color photographs and slides produced by the defendant's experts were offered and received in evidence, and were used to depict the color of French fried potato strips which had been treated by the process described in plaintiffs' patent. The effectiveness of this process to obtain a desired and substantially uniform color of French fried potato strips was the key disputed fact in the case. During the trial defendant's experts testified as to certain experiments performed by them involving the French frying of potato strips after pretreatment in accordance with the patented process. They stated that these experiments showed conclusively that the process described in the patent was not effective to accomplish the desired result. Plaintiffs vigorously challenged the results of these experiments. The color photographs and slides were received as evidence of the results of the experiments. In its opinion the Court expressly referred to and relied upon these exhibits in determining that plaintiffs' patent was invalid for inoperativeness. H. C. Baxter & Bro. v. Great Atlantic & Pacific Tea Co., supra at 236 F.Supp. 609, 613. There has been no suggestion that the cost of their preparation was excessive or disproportionate to the value of the interests at stake in the litigation. Under these circumstances, it was reasonable for the defendant to incur this expense, and it should be allowed as a taxable cost.

The Clerk's taxation of costs is in all respects affirmed. It is so ordered.