**Robert G. LANIER, Plaintiff,**

v.

**TERMINAL RAILWAY, ALABAMA STATE DOCKS, Defendant.**

**Civ. A. No. 4703–67.**

United States District Court
S. D. Alabama, S. D.
March 31, 1969.

W. Eugene Rutledge, Birmingham, Ala., for plaintiff.

Willis C. Darby, Jr., Mobile, Ala., for defendant.

## ORDER

PITTMAN, District Judge.

This suit was commenced by the plaintiff, Robert G. Lanier, against the defendant, Terminal Railway Alabama State Docks, under the Federal Employers' Liability Act, Title 45, U.S.C.A., Section 51 et seq., to recover for injuries he received while an employee of the defendant. The case came on for trial November 6, 1968. After a jury had been impaneled and sworn, opening statements made, and the taking of evidence commenced, the parties for themselves and through their attorneys agreed upon a compromise settlement of the cause on the 7th day of November 1968. There was dictated into the record the terms and conditions of the settlement in the presence of the court. An order incorporating the terms of the settlement was entered by the court on December 30, 1968. One of the terms was "that the defendant, Terminal Railway Alabama State Docks, be and it is hereby taxed with all costs of court incurred in this cause * * *."

On January 22, 1969, the defendant filed a motion to disallow certain costs as not properly taxable. On February 28, 1969, attorneys for all parties argued the motion and it was taken under submission by the court.

The following items are those which the defendant has moved to disallow:

1. The item of $100 for the actuarial services of Hubert M. Stiles for computation of plaintiff's loss of power and capacity to work and earn wages in the future.

2. The item of $125 for the cost of aerial photographs taken of the railroad yard where plaintiff was injured.

3. The item of $95.40 for the cost of a ground photograph of the area of plaintiff's injury.

4. The item of $40 for witness fees and mileage of Hubert M. Stiles from Birmingham, Alabama, to Mobile, Alabama, for one day.

5. The item of $4.00 for the witness fee of Dr. Nick Nichols which was in fact the cost of writing a letter.

6. The item of $8.00 for the witness fee of Curtis Havens for two days.

The disputed items are taken up in the order stated herein.

■ 1. The defendant objects to the cost of the actuary on the basis of not using one in Mobile. There has been no showing that the charges of the actuary used were unreasonable or unnecessary. Cost of the actuary allowed.

■ 2. & 3. *Photographs:* There is no doubt that the allowance of costs for the taking of photographs is within the discretion of the trial judge.

As stated by Judge Brown:

"Under F.R.Civ.P. 54(d), the allowance of costs to the prevailing party is within the discretion of the trial Judge, and his determination will be sustained unless he lacks the power to tax a particular item or abuses his discretion. 3 Barron & Holtzoff, Federal Practice & Procedure § 1195 (Wright ed. 1958). Reasonable and necessary expenses for depositions as well as the cost of 'preparing models, drawings, charts, photographs and other exhibits may be a taxable expense, * * *.' 3 Barron & Holtzoff § 1197." Harrington v. Texaco, Inc., 339 F.2d 814 at 822 (1964, 5 Cir.)

In one of the few Fifth Circuit cases on the subject of costs for photograph expenses, costs were denied to the prevailing party because the court did not consider that the pictures were "indispensable to the development of the case."

Dept. of Highways v. McWilliams Dredging Co., 10 F.R.D. 107. Due to the extent of plaintiff's injuries involved and because one of the principal defenses was the question of whether plaintiff was acting within the scope of his employment, the court is of the opinion that the pictures were in fact "indispensable to the development of the case."

Defendant's principal objection to the allowance of the cost is not whether the pictures were reasonable or necessary to the development of the case, but that plaintiff did not obtain prior court approval of the preparation of the exhibits.

Quoting from H. C. Baxter & Bro. v. Great Atlantic & Pacific Tea Company, 44 F.R.D. 49 (S.D.Me.1968):

"Unquestionably, it is the better practice, and certainly it is the safer practice, for a party, whenever possible, to obtain advance authorization from the court before incurring substantial expenditures which he expects to have taxed as costs in the event he prevails. Many courts have strongly urged this practice * * * in the interest of minimizing extravagant and unnecessary expenses in already costly litigation. (Citing cases.) However, with rare exceptions, the courts have not made such prior approval an absolute prerequisite for the recovery of otherwise proper costs. (Citing cases.)" p. 51. "While this court is of the view that normally a party should secure prior court approval for expenditures of the type involved in the preparation of these exhibits, the present case presents no circumstance which would justify precluding the defendant from recovering amounts otherwise taxable as costs solely because of its failure to obtain such approval.

" * * * it is generally held frequently by analogy to 28 U.S.C. § 1920(4), that the reasonable expense of preparing charts, photographs, motion

pictures and similar visual aids is taxable as costs when 'necessary and helpful' to an understanding of the case." (Citing cases.)

The court recognizes that abuse could result from too free a taxation of this type of costs without prior approval. This court holds that the proper criterion in such an instance is whether the photographs were necessary for a proper determination of the issues presented and that the reasonable expense of preparing photographs is properly taxable as costs as being a material aid to the court and jury in resolving substantial and disputed questions of fact. This criterion was met in this case. Cost of the photographs allowed.

4. The defendant's objections to the witness fees and mileage of Hubert M. Stiles are well taken. The court therefore limits the travel expenses to the 100 mile limit and the witness fee to one day. Total mileage is limited to 200 miles and the witness fee to $4.00. Green v. American Tobacco Co., 304 F.2d 70 (5 Cir. 1962); Gerber v. Stoltenberg, 394 F.2d 179 (5 Cir. 1968).

5. No reason can be seen by this court for the taxing of witness fees of Dr. Nick Nichols. He did not appear as a witness and his only use was the writing of a letter to Judge Thomas.

6. The witness fees of Curtis Havens have been deleted by agreement of the parties.